1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>Defendant. | Case No. 4:21-cv-06770-JSW<br><br>*Assigned to the Hon. Jeffrey S. White*<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT LENOVO (UNITED STATES) INC.'S MOTION TO DISMISS**<br><br>Hearing:<br>Date:         January 14, 2022<br>Time:        9:00 a.m.<br>Courtroom: 5<br><br>Complaint Filed:  August 31, 2021<br>Trial Date:          None Set |

Now before the Court is Defendant Lenovo (United States) Inc.'s ("Lenovo") Motion to Dismiss (the "Motion"). The Court, having considered the Motion, and good cause appearing, hereby **GRANTS** the Motion in its entirety.

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted when the complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[L]abels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor do "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, … suffice." *Id*. Dismissal is proper where "there is no cognizable legal theory or an absence of facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Here, Plaintiffs Andrew Axelrod's ("Axelrod") and Eliot Burk's ("Burk" and, collectively with Axelrod, "Plaintiffs") equitable claims and demands for equitable remedies must be dismissed because Plaintiffs have failed to plausibly allege that they lack an adequate remedy at law.

Under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) and its progeny, a plaintiff cannot pursue equitable claims and remedies unless he plausibly alleges that he lacks an adequate remedy at law. *See*, *e.g.*, *Sonner*, 971 F.3d at 844; *Banks v. R.C. Bigelow, Inc.*, No. 20-cv-06208 DDP (RAOx), 2021 U.S. Dist. LEXIS 84385, at *15 (C.D. Cal. May 3, 2021). This rule applies to Unfair Competition Law ("UCL"), False Advertising Law ("FAL") and unjust enrichment claims – which are equitable in nature – and Consumers Legal Remedies Act ("CLRA") claims seeking equitable relief (*e.g.*, restitution, injunctive relief). *See*, *e.g.*, *Sonner*, 971 F.3d at 845; *Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Capital, LLC*, No. CV 20-04149 DDP (RAOx), 2021 U.S. Dist. LEXIS 149146, at **8-9 (C.D. Cal. Aug. 6, 2021); *Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251, at *24 (N.D. Cal. July 28, 2021); *Williams v. Tesla, Inc.*, No. 20-cv-08208-HSG, 2021 U.S. Dist. LEXIS 115279, at **19-22 (N.D. Cal. June 21, 2021); *Banks*, 2021 U.S. Dist. LEXIS 84385, at **15-16. Here, Plaintiffs assert equitable UCL, FAL, and unjust enrichment claims and seek equitable remedies (restitution and injunctive relief) under the CLRA. Dkt. 1 ¶¶ 157-202, Prayer for Relief. The Class Action Complaint however, does not allege that Plaintiffs lack an adequate remedy at law. *See*, *generally*, *id*. As such, Plaintiffs'

equitable UCL, FAL, and unjust enrichment claims and demand for equitable remedies (restitution and injunctive relief) under the CLRA are dismissed.

Dismissal is with prejudice.  Plaintiffs' legal and equitable claims are based on the same "factual predicates" (*Rodriguez v. Just Brands USA, Inc.,* No. 2:20-CV-04829-ODW (PLAx), 2021 U.S. Dist. LEXIS 94413, at *21 (C.D. Cal. May 18, 2021)) – the alleged use of false or deceptive pricing.  *Compare* Dkt. 1 ¶¶ 108-156 *with id.* ¶¶ 157-202.  These identical factual predicates give rise to the same alleged injury – overpayment for laptops.  Because the same conduct gives rise to Plaintiffs' legal and equitable claims and alleged injury, there is "no amendment [that] could cure" Plaintiffs' failure to "plausibly allege [they] lack[] an adequate remedy at law." *Rodriguez*, 2021 U.S. Dist. LEXIS 9441, at *21.

Accordingly, the Court hereby **GRANTS** Lenovo's Motion in its entirety and dismisses Plaintiffs' UCL, FAL, and unjust enrichment claims and demand for equitable remedies (restitution and injunctive relief) with prejudice.

**IT IS SO ORDERED.**

Dated: _____, 20\_\_

Jeffrey S. White
United States District Judge

SMRH:4873-6769-4850.1