UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ANDREW AXELROD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>    Defendant. | Case No. 21-cv-06770-JSW   (RMI)<br><br>**ORDER RE: MEET & CONFER DISPUTES**<br><br>Re: Dkt. Nos. 63, 66 |

    Now pending before the court is a dispute about *how* the Parties should meet and confer in order to even discuss their forthcoming discovery disputes – which are apparently legion. *See* Pls.' Ltr. Br. (dkt. 63) (Plaintiffs' Brief complaining that Defendant refuses to meet and confer to discuss disputes relating to large swaths of discovery); *see also* Def.'s Ltr. Br. (dkt. 66) (Defendant's Brief complaining about Plaintiffs' counsel's bullying of Defendant's counsel's team). Previously, the court scheduled this matter for a hearing to take place on November 28, 2023, at 11:00 am. *See* Clerk's Notice (dkt. 68). However, upon review of the Parties' filings, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter to be suitable for decision without oral argument.

    As to the impasse at which the Parties have become mired, counsel for both Parties are at fault, and by allowing their professional relationship to devolve to such depths of rancor, they have become collectively responsible for wasting a significant amount of judicial time and resources. Counsel should be advised that there are limits to the court's patience – and, if counsel for both Parties fail to radically change the course of their behavior, as set forth herein, the court will be left with no choice but to resort to issuing monetary sanctions targeting counsel for both

Parties.

Plaintiffs' counsel complains that Defendant's counsel have refused to meet and confer in order to resolve or narrow disputes about what appears to be the entirety of Plaintiff's Requests for Production ("RFP"), Sets 1 and 2, and Interrogatories, Set 1. Pls.' Ltr. Br. (dkt. 63) at 2. Given that the class certification motion deadline is February 5, 2024, Plaintiffs' counsel suggest that Defendant's counsel is engaging in gamesmanship in an attempt to deprive Plaintiffs of discovery while running out the clock on that deadline. *Id*. at 2-5, n. 2. Plaintiffs' counsel contend that on three occasions (October 31, November 8, and November 10) they requested time to meet and confer with Defendants' counsel and were rebuffed. *Id*. at 2-5. Plaintiffs' counsel add that due to Defendants' remonstrances about the "tone and manner" of their behavior during their previous phone conferences, that Defendant's counsel first insisted on the calls being recorded, and then changed their minds and insisted that all meet and confer sessions must be effected in writing (except where required by rule or statute to be conducted via phone or in person). *See id*. at 3-4. In short, Plaintiffs' counsel now ask the court to appoint a discovery referee or special master "to monitor and supervise" the attorneys on this case while they attempt to speak to one another on the telephone regarding their discovery disputes. *Id*. at 5.

However, Defendant's counsel suggest that "Plaintiffs manufactured this dispute by pressing issues and for call times when they knew Lenovo's counsel was unavailable to respond." Def.'s Ltr. Br. (dkt. 66) at 4. Immediately following this contention is a catalogue of dates, times, and reasons explaining – in part – why Defendant's various (and numerous) attorneys were not available on the dates on which Plaintiff's counsel sought to meet and confer (something which Plaintiff's counsel failed to mention). *See id*. Otherwise, Defendant's counsel complain – in somewhat general terms – that the tone and tenor used by Plaintiffs' counsel during their interactions is less than civil, and sometimes outright belligerent and abusive; they also complain that Plaintiffs' counsel have subjected them to "cross-examination" during meet and confer sessions. *Id*. at 3-4. There are even allegations of name-calling where Plaintiffs' counsel have reportedly referred to some of Defendant's counsel using, among others, terms such as "disgusting," "discriminating," and "vile." *Id*. at 3. Defendant's counsel also complain about

having had to endue an 8-minute "lengthy soliloquy" from Plaintiffs' counsel about how discovery practice should be conducted while reportedly "attacking her legal experience." *Id*. at 2-3. As to the reason that Defendant's counsel changed their minds about their own suggestion to record the telephonic meet and confer sessions, Defendants' counsel state that they no longer believe that recording calls "would be an appropriate solution to address the tone of calls as Plaintiffs' counsel have not stated what they will do with the recordings." *Id*. at 3. In short, Defendant's counsel report that they have been subjected to "bullying" through Plaintiffs' counsel's words and "tone"; as such, Defendant's counsel "think[] it will be more efficacious to address discovery concerns by written letter, unless/until a call is required." *Id*. at 3.

The degree to which the attorneys involved in this case have resorted to unbecoming responses to one another's behavior is disappointing. It appears to the court that Plaintiffs are correct in that Defendants at least appear to be attempting to stall the discovery process by needlessly erecting roadblocks. Meanwhile, it also appears that Plaintiffs are attempting to ram through large volumes of discovery requests (some of which may be of questionable relevance and without regard to proportionality concerns given the associated burdens imposed) by using 'Rambo litigation' techniques to which Defendant's counsel appear to be unaccustomed.[1] In any event, and to prove that their complaints are not mere gamesmanship designed to frustrate the course of discovery, Defendant's counsel should – as the saying goes – put their money where their mouth is. If they believe Plaintiffs' counsel have acted in a manner to warrant sanctions or a bar complaint, then they should file such a motion or lodge such a complaint. If, on the other hand, it comes to light that Defendant's counsel are resorting to gamesmanship to delay or frustrate the discovery process, the court will not hesitate to levy monetary sanctions against individual attorneys following an intensive factfinding process. Further, in such a scenario, the court may

---

[1] "Judge Friedman once observed that in the modern era, 'the legal profession has . . . opened its doors to the 'Rambo litigator' which has spawned a generation of lawyers, too many of whom think they are more effective when they are more abrasive. I am here to tell you that neither my colleagues on the Bench nor I agree with that view.'" *See Glass Egg Digital Media v. Gameloft, Inc.*, 2020 U.S. Dist. LEXIS 32163, *30 (February 25, 2020) (citing Fostering Civility: A Professional Obligation, Remarks by the Hon. Paul L. Friedman, United States District Judge for the District of Columbia, American Bar Association Section of Public Contract Law, Friday, March 13, 1998, Annapolis, Maryland).

1  also consider recommending evidentiary sanctions to the presiding judge.

2  Turning to the equal share of blame to be placed at the doorstep of Plaintiffs' counsel in the disintegration of the relationships of the attorneys charged with moving this case forward, the court will sternly admonish Plaintiffs' counsel to review and adhere to this Court's Guidelines for Professional Conduct – particularly § 8 (Communications with Opponents or Adversaries) and § 9 (Discovery).[2] If it becomes apparent in the course of what promises to be a forthcoming deluge of discovery disputes in this case that any Party has thoughtlessly crafted any discovery request to the extent that it may be patently irrelevant, harassing, overly burdensome, or otherwise disproportionate to the needs of the case – the court will not hesitate to levy harsh monetary sanctions against the offending attorney. The court has reached the limits of its patience. If counsel cannot find a way to work collegially and professionally with one another as part of a good faith and sincere effort to avoid any further wastage of the court's time and resources, sanctions will most assuredly follow. In other words, Defendant's counsel's request to be excused from the requirement to meet and confer **in good faith** (either telephonically or via videoconference or in person) as often as necessary in order to resolve or substantially narrow any discovery disputes is **DENIED.** Likewise, Plaintiffs' counsel's request to appoint a discovery referee or special master "to monitor and supervise" the attorneys on this case while they attempt to speak to one another is **DENIED**. The attorneys in this case are all adults and the court expects them to act as such.

**IT IS SO ORDERED.**

Dated: November 27, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

---

[2] https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/

4