# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 4:21-cv-06770-JSW-RMI<br>*Assigned to the Hon. Jeffrey S. White*<br><br>**AMENDED ORDER RE: OUTSTANDING SAMPLING ISSUES**<br><br>Action Filed:　August 31, 2021<br>FAC Filed:　　January 25, 2022<br>Trial Date:　　None Set |

1     Now before the Court for consideration are the proposed orders of Plaintiffs Andrew
2  Axelrod and Eliot Burk ("Plaintiffs") and Defendant (United States) Inc. ("Lenovo") submitted in
3  connection with the Court's Sampling Order of December 7, 2023 (dkt. 92), as modified on
4  December 22, 2023 (dkt.103) (collectively, "Sampling Order"), and the letters filed by the Parties
5  (dkts. 113, 115, 121) relating to compliance with the Sampling Order.
6     On October 13, 2023, Plaintiffs moved to compel Lenovo to produce sample sales and
7  pricing data for laptops, desktops, tablets, and workstations sold on Lenovo's website from May 31,
8  2017 to April 30, 2022 (dkt. 57). On October 24, 2023, the Court found that Plaintiffs were entitled
9  to sample data across Lenovo product lines and ordered Plaintiffs and Lenovo (together "the
10 Parties") to meet and confer to develop a reasonable sampling plan (dkt. 59). The Parties met and
11 conferred, and each proposed a different sampling plan. Unable to agree on which sampling plan to
12 use, on November 7, 2023, the Parties filed a joint statement wherein their respective proposed
13 sampling plans were presented to the Court (dkt. 61). On November 8, 2023, the Court ordered the
14 Parties to individually file briefs in support of their proposed sampling protocols and include
15 detailed instructions for implementation (dkt. 62). The Court also permitted the Parties to file
16 responsive briefs. (dkt. 62). On November 8, 2023, the Court ordered the Parties to submit briefing
17 and proposed orders in support of their respective proposed sampling protocols (dkt. 62). On
18 December 7, 2023, the Court, having considered the Parties' briefs and supporting documents,
19 entered Plaintiffs' proposed order as the Order of the Court (dkt. 92).
20     LIST OF CLASS PRODUCTS
21     According to Lenovo's sampling briefing, a list of the Class Products "will have to be
22 generated by pulling relevant entries from Lenovo's tracker spreadsheets, of which there are
23 approximately one dozen separate spreadsheets," and the tracker spreadsheets "contain many tens of
24 thousands of entries for the approximate 14,300 MTMs." Def.'s Br. re: Parties' Disagreement on
25 Sampling Plan (dkt. 71-3) at 1. Thus, the *first step* of the Sampling Order required Lenovo to
26 produce "the 'approximately one dozen separate [tracker] spreadsheets.'" Sampling Order (dkt. 92)
27 at 1. In the *second step*, Plaintiffs' experts would use the tracker spreadsheets "to generate a list of
28 the class products, broken out by product type (laptop, desktop, workstation, and tablet) and product

family." *Id.* However, Lenovo only produced six tracker spreadsheets for the relevant time period consisting of approximately 3,709 Class Products, according to Plaintiffs' analysis. *See* Pls.' Ltr. re: Compliance with Court's Modified Sampling Order ("Pls.' Compliance Ltr.") (dkt. 113) at 1. Lenovo then provided "a number of reasons why there are not 14,300 unique MTMs for desktops, workstations, notebooks and tablet products in the add and remove trackers." Def.'s Resp. to Pls.' Compliance Ltr. (dkt. 115) at 5. Plaintiffs then requested that Lenovo be ordered to "(i) validate the 3,709 unique part numbers for the Class Products identified by Plaintiffs; (ii) provide its best current estimate of the number of Class Products since its previous estimate of 14,300 was inaccurate; and (iii) provide Plaintiffs with the data from the other data sources that contain the part numbers for the remaining Class Products which do not show up in the six tracker spreadsheets already produced by Lenovo." Joint Ltr. Br. re: Outstanding Sampling Issues (dkt. 121) at 2. On January 23, 2024, at the hearing on the Parties' Joint Letter Brief (dkt. 121), Lenovo stated it could produce a list of the Class Products (part numbers and descriptions) to Plaintiffs by Monday, January 29, 2024, and the Court ordered that it do so.

PRICE CHANGE SPREADSHEETS

According to Lenovo's sampling briefing, the reference prices for the Class Products "can only be derived by referencing weekly spreadsheets over a nearly five-year period (i.e. roughly 257 spreadsheets) on an MTM-by-MTM basis that identify pricing changes that are to be made to the Website." Thus, the *first step* of the Sampling Order required Lenovo to produce "the 'roughly 257 [weekly price change] spreadsheets.'" Sampling Order (dkt. 92) at 1. However, rather than produce 257 price change spreadsheets, Lenovo only produced seven "combined" spreadsheets. *See* Pls.' Mot. to Modify the Court's Sampling Order (dkt. 98) at 3–4. After Plaintiffs brought this issue to the Court's attention (*see id.*), the Court ordered that "Lenovo shall have until December 30, 2023, to effect the production of the weekly price change spreadsheets in their original and unedited format (with the exception that Lenovo may only redact Canadian price data)." Order of December 22, 2023 (dkt. 103). On December 29, 2023, Lenovo produced 1,816 price change spreadsheets, and subsequently asserted it "Produced All Original Weekly Price Change Spreadsheets." Def.'s Resp. to Pls.' Compliance Ltr. (dkt. 115) at 5. On January 23, 2024, at the hearing on the Parties' Joint

Letter Brief (dkt. 121), Lenovo stated it had identified approximately 40 additional price change spreadsheets that were not produced and stated it would produce them by January 29, 2024.

The Court, having considered the letters filed by the Parties (dkts. 113, 115, 121) relating to compliance with the Court's Sampling Order of December 7, 2023 (dkt. 92), as modified on December 22, 2023 (dkt. 103), the Parties' statements at the hearing on January 23, 2024, ~~and the letter filed by Plaintiffs in support of Plaintiffs' Proposed Order and declarations in support thereof,~~ relevant legal authority, the record in this case, and good cause appearing, hereby ORDERS as follows:

1. Defendant Lenovo (United States) Inc. ("Lenovo") shall produce a list of the part numbers and product descriptions for all laptops, desktops, workstations, and tablets sold on Lenovo's website, https://www.lenovo.com/us/en/pc/, from May 31, 2017 to April 30, 2022 ("Class Products") no later than January 29, 2024.

2. Lenovo shall produce all "weekly price change spreadsheets"[1] and any other spreadsheet Lenovo used to create the "Combined Spreadsheets" no later than January 29, 2024.[2] This production shall include the approximately forty (40) additional spreadsheets identified by Lenovo's counsel at the January 23, 2024 hearing.

3. Lenovo shall provide a written explanation with respect to the date discrepancies in the tracker spreadsheets that were identified by Plaintiffs no later than January 29, 2024. Lenovo's written explanation shall be made by sworn affidavit. *See* Lenovo's Statement in Joint Ltr. Br. (dkt. 121) at 4 ("Lenovo is also willing to draft an authenticating affidavit covering the add and remove tracker spreadsheets as Plaintiffs now request.").

---

[1] As used herein, "weekly price change spreadsheets" refers to the spreadsheets the Court already ordered Lenovo to produce. *See* Sampling Order (dkt. 92); *see also* Def.'s Br. re: Parties' Disagreement on Sampling (dkt. 71-3) at 2 ("weekly price change spreadsheets" in the Sampling Order refer to the spreadsheets that "identify pricing changes that are to be made to the Website" for the Class Products).

[2] As used herein, "Combined Spreadsheets" refers to the spreadsheets Lenovo produced on December 14, 2023 in response to the Court's Sampling Order. *See* Joint Ltr. Br. re: Outstanding Sampling Issues (dkt. 121) at 3.

4. Lenovo shall produce the spreadsheet entitled "Workstation Pricing.xlsx" no later than January 29, 2024.

5. Lenovo shall produce all spreadsheets in their original, unedited format, and with all metadata preserved. Redactions are only permitted to protect attorney-client privilege or work product materials pursuant to Fed. R. Civ. P. 26(b)(5).

6. Following the receipt and review of the material produced by Lenovo, "Plaintiffs shall submit a proposed order setting forth appropriately modified deadlines for the remainder of the provisions of Sampling Order." *See* Dkt. 103 (ordering same).

**IT IS SO ORDERED.**

Dated:  January 30, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge