UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AXELROD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 21-cv-06770-JSW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER**<br><br>Re: Dkt. No. 147 |

Now before the Court for consideration is Lenovo (United States) Inc.'s ("Lenovo") motion for review of Magistrate Judge Illman's Amended Order Re Outstanding Sampling Issues. Lenovo has objects to the portion of the Amended Sampling Order that limits redactions to "protect attorney-client privilege or work product materials." (*See* Dkt. No. 136, Amended Sampling Order 4 ¶ 5; *see also* Dkt. No. 130, Order Re Outstanding Sampling Issues at 4 ¶ 5.)

A District Court's review of a Magistrate Judge's orders is governed by Federal Rule of Civil Procedure 72, which provides that a party who objects to a Magistrate Judge's non-dispositive order may file objections within 14 days of service. Fed. R. Civ. P. 72(a). Judge Illman issued the Sampling Order on January 24, 2024. Although he issued the Amended Sampling Order on January 30, 2024, the amendment did not alter the portion of the Order Lenovo challenges. Lenovo did not file its motion to review the Order until February 14, 2024. The Court could deny the motion on the basis that it is untimely. *See id.* ("A party may not assign as error a defect in the order not timely objected to.") However, the Court also concludes that Lenovo fails to show that Judge Illman's Order should be set aside.

Under Rule 72(a), a district court may reconsider a magistrate judge's non-dispositive order "only if it is clearly erroneous or contrary to law." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,

34 F.4th 801, 804 (9th Cir. 2022).  In evaluating an order under the "clearly erroneous or contrary to law" standard, the Court does not consider whether it may have "weighed differently the various interests and equities," but instead only whether the order is contrary to the law.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiffs bear the burden to show they are seeking discovery of relevant information.  *See, e.g., Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619, 622 (9th Cir. 1999).  Lenovo argues it should be able to redact foreign pricing data, which it contends is not relevant to the issues in this case.  "Enforcing a discovery request for irrelevant information is a per se abuse of discretion."  *Id.* at 622.  Yet, "the unilateral redaction of irrelevant or nonresponsive material from otherwise responsive documents gives rise to suspicion that relevant material harmful to the producing party has been obscured and tends to make documents confusing or difficult to use."  *Doe v. Trump*, 329 F.R.D. 272, 276 (W.D. Wash. 2018).

Lenovo does not argue the documents at issue are entirely irrelevant.  The type of unilateral redactions Lenovo seeks to make are disfavored, and there is a protective order in place that can address its concerns.  The Court concludes that Judge Illman's ruling was not clearly erroneous or an abuse of discretion and DENIES Lenovo's motion.

**IT IS SO ORDERED**.

Dated: February 27, 2024

JEFFREY S. WHIvTE
United States District Judge