UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ANDREW AXELROD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>    Defendant. | Case No. 21-cv-06770-JSW (RMI)<br><br>**ORDER RE DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 177, 178, 179, 180 |

Now pending before the court are four jointly-filed discovery dispute letter briefs (dkts. 177, 178, 179, 180). The currently-pending set of disputes are only the latest in what has thus far been a nearly constant stream of discovery disputes between the Parties over the last seven months (*see e.g.,* dkts. 57, 60, 61, 63, 64, 66, 67, 70, 71, 73, 76, 79, 80, 82, 86, 93, 98, 100, 106, 109, 113, 115, 119, 126, 127, 129, 138, 139, 140, 142, 146, 171, 174). Because the Parties appear to have not hesitated before dropping each and every imaginable dispute onto the court's doorstep, rather than trying in good faith to resolve or narrow them through genuine meet-and-confer efforts, the court will rule on the currently-pending pending disputes in summary fashion while incorporating by reference the arguments of the prevailing Party as the foundation of the court's rulings. Further, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds that these matters are suitable for disposition without oral argument.

**Dkt. 177 – Affiliate Feed and Pivot Table Data**

Plaintiffs seek to compel the production of 42 files from two data sources that they contend are readily accessible to Defendant, namely, the "affiliate feed" and the "pivot table." *See* Ltr. Br. (dkt. 177) at 2. Plaintiffs submit that these files contain pricing and sales data for the class

1  products and are relevant to class certification and that they plan to use these files to show how
2  often the class products were offered for sale on Lenovo's website at the reference price, and how
3  often the class products were actually sold at the reference price. *Id*. Plaintiffs argue that "[t]his
4  pricing data goes to the heart of Plaintiffs' case and will demonstrate that Lenovo's reference
5  prices were artificially inflated and that Lenovo's use of false reference prices was pervasive
6  across the class." *Id*. Plaintiffs submit that the existence of this data was first disclosed in late
7  March of 2024. *Id*. Arguing that this information is fairly encompassed in Requests for Production
8  ("RFP") Nos. 2-9, which were propounded in July of 2022, Plaintiffs note that the data in the
9  tracker spreadsheets and price change spreadsheets (which the court previously ordered) is
10 incomplete. *Id*. at 2-3. Plaintiffs also point out that they have been deceived and misled by
11 Defendant on numerous occasions throughout the course of the above-mentioned saga of
12 discovery disputes involved in this case. *See generally id*. at 2-3 (wherein Plaintiffs catalog the
13 number of instances where Defendant's remonstrances, assurances, and assertions regarding the
14 size and scope of data involved in this case, and the burdens associated with producing it, have
15 been disproven or debunked).
16       In turn, Defendant submits that "[t]he reference price data in the Affiliate Feed originates
17 from the data in the reference price spreadsheets that were already produced[,] [and] [t]he Pivot
18 Table data originates from the same data source from which Lenovo is currently producing sales
19 data under the Court's Sampling Orders (as defined below) that Plaintiffs sought[,] [hence]
20 Lenovo [should not be] required to produce reference price and sales data in yet another form." *Id*.
21 at 4-6. In short, Defendant contends that: (1) while Plaintiffs committed to a sampling plan, they
22 now seek an overlapping second sampling of the same data from different sources; (2) that
23 Plaintiffs ignored Defendant's recommendation to take depositions before formulating a sampling
24 plan, and that "now that they have taken depositions, they want a new plan"; (3) that Plaintiffs
25 current discovery request is actually a request for a second sample but untethered from any plan;
26 and, (4) that the demanded ESI information is outside the ESI protocol order's scope, or any
27 identified discovery request. *Id*. at 4-6.
28       Plaintiffs, in turn, argue that when they compiled a list of the class products using the

2

1  tracker spreadsheets, Defendant refused to validate it; and, instead, Defendant "compiled its own
2  list of class products using pivot table data . . . which . . . includes hundreds of products not
3  included in Plaintiffs' list, which was compiled using the tracker spreadsheets." *Id*. at 3. This,
4  according to Plaintiffs, "demonstrates that the tracker spreadsheets are not in fact a complete data
5  source [and that] Lenovo's assertion that reference price data could only be derived from weekly
6  spreadsheets is incorrect." *Id*. Plaintiffs submit that the price change spreadsheets omit daily
7  reference price data for numerous class products, rendering the data incomplete; however, the
8  affiliate feed, which tracks daily changes to Lenovo's website, is clearly a better data source for
9  determining what the reference prices were for the class products on a given day. *Id*. Plaintiffs add
10 that "[i]n light of the numerous frustrations [they] have encountered in attempting to obtain
11 pricing and sales data from Lenovo, Plaintiffs request that pursuant to Sections 4.1 and 4.2 of the
12 Court-ordered ESI Protocol (dkt. 162), Lenovo be ordered to identify all non-custodial data
13 sources that contain pricing or sales data for the class products, and that Lenovo specify *in detail*
14 the data that is included within each non-custodial data source." *Id*. at 4 (emphasis in original). For
15 the reasons articulated in the Letter Brief (*see id*. at 2-4), Plaintiffs' request to compel the 42 files
16 comprising the affiliate feed and pivot table, their request to compel Defendant to identify all non-
17 custodial data sources that contain pricing or sales data for the class products, and the request for a
18 detailed specification of the data included within each non-custodial data source are **GRANTED**.
19 **Dkt. 178 – Defendant's Responses to Interrogatory ("ROG") Nos. 13-14 & 16-17**
20      As part of a previously-presented discovery dispute (*see* dkt. 140 at 2), Plaintiffs had
21 moved for further responses to four ROGs seeking the identification of persons who had any
22 involvement in a variety of Defendant's enumerated activities between 2017 and 2022. On account
23 of certain assertions made by Defendant during a February 20, 2024, hearing on that dispute (*see*
24 dkt. 149) (namely, that it had identified all such persons), the court found that dispute to have
25 become moot. However, the dispute appears to have been revived by Plaintiffs' discovery in the
26 course of depositions of four individuals during the week of March 25, 2024, that each of those
27 persons should have been, but were not, identified by Defendant as having had involvement in the
28 activities set forth in the ROGs in question. *See* Ltr. Br. (dkt. 178). Accordingly, Plaintiffs now –

3

1 again – seek an order compelling supplemental responses to those ROGs. *See id*. at 2-4. Having

2 reviewed Defendant's arguments in opposition (*see id*. at 4-6) and having found them

3 unpersuasive – for the reasons articulated by Plaintiffs, the request to compel Defendant to provide

4 complete supplemental responses to ROGs 13-14 and 16-17 is **GRANTED**.

5 **Dkt. 179 – Meet and Confer on ESI Custodians**

6 In this dispute, Plaintiffs seek the court's assistance in securing Defendant's cooperation

7 regarding the identification of ESI custodians pursuant to the court's March 15, 2024, Order Re:

8 Searching for and Producing Documents ("ESI Protocol") (dkt. 162). *See* Ltr. Br. (dkt. 179) at 2.

9 Plaintiffs submit that Section 4.3 of the ESI Protocol specifies the process of identifying records

10 custodians as such: first, "Lenovo or its counsel shall identify and provide to Plaintiffs a list of

11 individuals likely to be in possession, custody, or control of relevant records whose records may

12 be searched"; and, second, "[t]he parties shall then meet and confer to narrow the list of

13 individuals down to the five custodians most likely to be in possession, custody, or control of

14 relevant records." *Id*. (quoting ESI Protocol (dkt. 162) at 8). Plaintiffs submit that Defendant has

15 refused to abide by the second step of Section 4.3 of the ESI Protocol; that is, while Defendant has

16 reportedly provided Plaintiffs with a list of 41 potential custodians, it has refused to provide any

17 additional information regarding those custodians such that Plaintiffs can meaningfully participate

18 in the meet and confer process of narrowing the 41-person list of persons likely to be in possession

19 of such information to a final list of five records custodians. *Id*.

20 Defendant contends that "Plaintiffs have more than enough information to choose ESI

21 custodians." *Id*. at 4. Defendant adds that "[b]etween the 6 individuals identified in Lenovo's

22 supplemental interrogatory responses (which Lenovo considers to be the people most likely to

23 have responsive information), the 41 identified in the ESI protocol, the 10+ individual[s] plaintiffs

24 identified in their Requests for Production, Set Two based upon their own work product, names in

25 documents already produced, and the names and job responsibilities explored during the 4

26 depositions, plaintiffs now have names and various pieces of information and/or documentary

27 context regarding more than 60 current or former Lenovo employees." *Id*. at 4. However, Plaintiffs

28 simply want "Lenovo to provide a short description of the role each identified custodian had with

4

1  respect to pricing activities at issue, together with a description of the types of documents each
2  custodian is likely to possess, and then meet and confer with Plaintiffs to narrow down the list to
3  the five custodians most likely to possess relevant records." *Id*. For the reasons articulated by
4  Plaintiffs, their request is **GRANTED** and Defendant is **ORDERD** to *promptly* provide a short
5  description of the role each identified custodian had with respect to the pricing activities at issue,
6  together with a description of the types of documents each custodian is likely to possess, and then
7  to *promptly* meet and confer with Plaintiffs in good faith to narrow down the list to the five
8  custodians that the Parties can agree would most likely possess relevant records.

**Dkt. 180 – Defendant's Supplemental Response to Request for Production ("RFP") No. 75**

Through this dispute, Plaintiffs seek (pursuant to RFP No. 75) communications relating to changes to Lenovo's policies for setting reference prices and discounts on its website from May 31, 2017, to April 30, 2022; however, Defendant has only agreed to produce such documents to the extent they relate to any changes to Defendant's policies up to April 13, 2022 (which is about two weeks prior to the closing date of the discovery range to which the Parties previously stipulated). *See* Ltr. Br. (dkt. 180) at 2 (citing Sixth Stipulation to Extend Class Certification Deadlines (dkt. 55) ¶ 29). Thus, Plaintiffs seek an order compelling Defendant to produce all responsive documents, including those which relate to the roughly two-week period between April 13, 2022, and April 30, 2022. *See id*. at 2-4. Plaintiffs argue that the discovery at issue will show that Defendant did not make any changes to its pricing practices and continued to advertise the exact same price reductions in violation of Cal. Civ. Code 1770(a)(13) (prohibiting false or misleading statements about the "existence of, or amounts of, price reductions") during the period at issue here; that it, Plaintiffs contend that the discovery at issue concerns price reductions advertised on Lenovo's website and are directly relevant to Plaintiffs' claim regarding the advertisement of false or misleading price reductions. *See* Ltr. Br. (dkt. 180) at 2, n. 1. In essence, Plaintiffs seek to establish that Lenovo's deceptive pricing practices continued beyond April 13, 2022, despite its switch to "Est Value," and they contend that the documents at issue "will demonstrate that Lenovo's policy for setting and establishing reference prices and discounts did not change . . . [and, while] Lenovo changed the way it displays reference prices, the reference

1    prices and discounts themselves continued to be artificially inflated." *Id*. at 3.

2        The court has reviewed Defendant's arguments in opposition – namely, that judicial estoppel should preclude the discovery sought; that the discovery sought "evades the agreement of counsel" as to the discovery period to which the Parties stipulated; that the discovery request seeks irrelevant information; and, that the discovery sought cannot overcome Defendant's assertion of the mootness of Plaintiffs' pursuit of injunctive relief (reportedly brought about by Defendant's April 13, 2022, change in conduct). The court finds Defendant's arguments (*see id*. at 4-6) to be unpersuasive for the reasons articulated by Plaintiffs (*see id*. at 2-4). Accordingly, Plaintiffs' request for an order compelling Defendant to produce all responsive documents is **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 30, 2024

ROBERT M. ILLMAN
United States Magistrate Judge