UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AXELROD, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>　　　　Defendant. | Case No. 21-cv-06770-JSW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM DISCOVERY ORDER ON JOINT LETTER BRIEF AT DOCKET 180**<br><br>Re: Dkt. Nos. 180-181, 183 |

Now before the Court for consideration is Lenovo (United States) Inc.'s ("Lenovo") motion for review of Magistrate Judge Illman's Order compelling it to provide supplemental responses to Plaintiffs' Request for Production 75. (*See* Dkt. No. 181, Order on Discovery Disputes at 5:9-6:9.) The issue is whether Lenovo should be required to produce communications relating to changes in its pricing policies after it changed to using "Est Value" on its website.

A District Court's review of a Magistrate Judge's orders is governed by Federal Rule of Civil Procedure 72. Under Rule 72(a), a district court may reconsider a magistrate judge's non-dispositive order "only if it is clearly erroneous or contrary to law." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022). In evaluating an order under the "clearly erroneous or contrary to law" standard, the Court does not consider whether it may have "weighed differently the various interests and equities," but instead only whether the order is contrary to the law. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The Court has carefully reviewed and considered the parties' arguments, the underlying discovery dispute, relevant legal authority, and the record in this case. The Court concludes that and it concludes that Judge Illman's ruling is neither clearly erroneous nor an abuse of discretion. Accordingly, the Court DENIES Lenovo's motion.

**IT IS SO ORDERED**.

Dated: June 7, 2024

_____
JEFFREY S. WHITE
United States District Judge