UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ANDREW AXELROD, et al.,

    Plaintiffs,

v.

LENOVO (UNITED STATES) INC.,

    Defendant.

Case No. 21-cv-06770-JSW (RMI)

**ORDER RE: DISCOVER DISPUTE RE: ORDER OF APRIL 30, 2024**

Re: Dkt. No. 198

    Now pending before the court is a jointly-filed discover dispute letter brief (dkt. 198) through which the Parties present their disagreement regarding the interpretation of an order (dkt. 181) entered on one of their previously filed discovery disputes. In essence, the Parties seek a clarification of the court's previous order, and each Party has presented its interpretation of the disputed provision. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. For the reasons stated below, the Parties request for clarification is granted, and the court adopts Plaintiff's position.

    Previously, the court ordered that, "Plaintiffs' request to compel the 42 files comprising the affiliate feed and pivot table, their request to compel Defendant to identify all non-custodial data sources that contain pricing or sales data for the class products, and the request for <u>*a detailed specification of the data included within each non-custodial data source*</u> are GRANTED." *See* Order (dkt. 181) at 3 (emphasis added). The highlighted portion of the above-quoted sentence from the court's April 20, 2024, order is the subject of the current dispute. In short, Plaintiffs are unsatisfied with the level of detail provided by Defendants.

    Part of the difficulty attending this issue is that it concerns pricing data for products that

1 must be configured on Defendant's website – as opposed to preexisting off-the-shelf products.
2 Plaintiffs submit that in response to the court's order directing Defendant to produce pricing data
3 along with detailed specifications of the data included within each non-custodial data source,
4 "Lenovo [has] given Plaintiffs thousands of lines of code to decipher and refused to tell Plaintiffs
5 whether the relevant fields are populated," along with "a significant amount of information that is
6 unrelated to the pricing of class products." *See* Ltr. Br. (dkt. 199-3 *SEALED*) at 3. Plaintiffs add
7 that "[u]nder Lenovo's interpretation of the Order (dkt. 181), Plaintiffs would have to spend
8 several weeks parsing through 1,131 images and 73,764 lines of code to identify fields of interest,
9 and then dispute with Lenovo over whether the fields they identified are relevant, proportional, or
10 necessary," which, Plaintiffs argue renders this information useless because "Lenovo—not
11 Plaintiffs—is in the best position to identify which fields include pricing and sales data for the
12 class products." *Id*. at 4. Thus, Plaintiffs request the court to clarify its previous order by
13 compelling Defendant "to specify in detail the pricing and sales data that actually exists within
14 each non-custodial data source which contains pricing or sales data for the class products," or,
15 more specifically, that "Lenovo should produce a list of fields that are actually populated with
16 data, and within that list, Lenovo should exclude data fields that are wholly unrelated to pricing or
17 sales of the class products." *Id*.

18 Defendant responds to the effect that "Plaintiffs simply want Lenovo to do Plaintiffs'
19 analysis for them without any guidance, which they will undoubtedly later criticize generating
20 further motion practice." *Id*. at 4. As Defendant sees it, it has already provided the "detailed
21 specification" that the court previously ordered in that it "took the form of a written description of
22 the nature of those Sources, including why relevant pricing or sales data is expected to be
23 contained in them, paired with at least one version of a schema for each Source." *Id*. Defendant
24 argues that "Plaintiffs now claim [that] Lenovo must go through every Source to identify which
25 fields contain 'pricing or sales data' for class products, and then analyze the underlying data
26 within each of those fields for each of the class products to determine whether the fields are
27 always, sometimes, or never populated." *Id*. at 5.

28 Defendant adds that the court previously ordered specifications of the sources, not a

2

subjective analysis of their contents. *Id*. Defendant contends that "Plaintiffs' [interpretation of the court's previous order] would turn the Order into a vastly more granular project requiring judgment calls about what Plaintiffs would deem to be 'pricing and sales data.'" *Id*. The court disagrees. The phrase, "pricing and sales data" – for present purposes – is neither granular nor would it require speculation "about what Plaintiffs would deem" to comprise price and sales data. Nor is the court persuaded by Defendant's remonstrance that "Plaintiffs' interpretation would require Lenovo to actually parse through all of the Sources' data to choose only those fields used for or related to certain products and/or during the relevant time period, and then determine which of those fields relate to sales or pricing (e.g., would the aforementioned phone number relate to sales or pricing?)." *Id*. Clearly, a phone number would not relate to sales or pricing. Defendant's complaints are further undermined by its contention that it "has already done some of the subjective analysis of what fields contain pricing and sales information by virtue of the sales data spreadsheets [that it has] produced on June 8, 2023, October 11, 2023, and May 8, 2024 as Lenovo0000001, 24, 26, 34, and 1934-1936, which originate from various of the Sources." *Id*.

Defendant then adds that it is unsure whether Plaintiffs might consider the SKU as part of the pricing and sales information they would want for their class certification analysis, but complains that Plaintiffs have not responded. As is the case with Defendant's suggestion about telephone numbers, the court is unpersuaded. While it appears to the court that SKU identification would be integral to pricing and sales data for any range of products that might be at issue in a case like this, matters of that sort are better left to the discussions and meet-and-confer efforts of the Parties.

In short, for the reasons stated by Plaintiffs, and for the sake of efficiency (because Defendant is far better positioned to organize this information, as opposed to dumping it on Plaintiffs in raw form), Defendant is **ORDERED** to specify in detail the pricing and sales data that actually exists within each non-custodial data source which contains pricing or sales data for the class products; and, Defendant shall produce a list of fields that are actually populated with data, and within that list, Defendant shall exclude data fields that are unrelated to pricing or sales data for the class products.

**IT IS SO ORDERED.**

Dated: June 11, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge

4