1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5                                  EUREKA DIVISION

6

7    ANDREW AXELROD, et al.,                    Case No.  21-cv-06770-JSW   (RMI)

8                      Plaintiffs,
                                                **ORDER ON DISCOVERY LETTER**
9           v.                                  **BRIEF**

10   LENOVO (UNITED STATES) INC.,               Re: Dkt. No. 319

11                     Defendant.

12

13          Before the court is Plaintiffs' Motion to Compel Compliance with Rule 45 Subpoena to

14   Non-Party Hattis & Lukacs (dkt. 319). Both Defendant Lenovo and Non-Pary Hattis Lukacs &

15   Corrington have filed oppositions to the Motion (dkts. 325 & 327.) The court finds that this matter

16   is suitable for determination on the papers. *See* L. R. 7-1(b). For the reasons that follow the

17   Motion is GRANTED.

18          Plaintiffs' Motion seeks to compel certain documents from the law firm of Hattis Lukacs

19   & Corrington in relation to its representation of a certain person.[1] As to Defendant Lenovo, they

20   oppose the Motion on the basis that the information sought is not relevant, or at least not relevant

21   enough to overcome the "heightened showing" requirement that such requested documents

22   require. (*See generally*, Def. Lenovo's Resp., dkt. 325.) However, Lenovo's foray into this matter

23   by way of filing an opposition to the Motion to Compel is awry. That is, Lenovo's options to

24   oppose this subpoena are moving to quash or moving for a protective order.[2] And even then,

25

26   _____

27   [1] The court is using purposefully obtuse language so as not to require the sealing of this Order since the
     court is granting the attendant motions to seal the unredacted papers in this dispute.

28   [2]This is so because if Hattis & Lukacs had complied with the subpoena, this Motion and Lenovo's
     opposition would not exist.

United States District Court
Northern District of California

they would need to first establish standing by claiming a personal right or privilege. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3416644, at *2 (N.D. Cal. July 14, 2024) ("Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." (citation omitted)). Even were the court to treat Lenovo's Opposition as a properly filed motion, and find that they had established standing, the court finds the relevance objection unavailing. For the same reasons stated within the mostly redacted portion of Plaintiffs' Reply regarding relevancy (*see* dkt. 333, 335-3), the court finds that these documents are sufficiently relevant over Lenovo's objections. In addition, the court finds that the documents can be produced pursuant to a protective order to assuage any confidentiality concerns.

As to the Opposition filed by Hattis Lukacs & Corrington, the firm merely joins Lenovo's improper opposition, stands on its original objections, and reiterates "that the attorney-client privilege or the work-product doctrine prohibits or circumscribes Plaintiffs' requests." (Non-Party Opp'n., dkt 327.) First, the Motion at hand seeks an Order requiring Hattis Lukacs & Corrington to produce *non-privileged* documents responsive to Request Nos. 1-4 and 6-9. Second, "[t]he burden of proving that the privilege applies lies with the party asserting the privilege." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002). The Opposition does not meet this burden. Additionally, the materials may be produced subject to a protective order to maintain their confidentiality.

Accordingly, the Motion to Compel is GRANTED. Hattis Lukacs & Corrington shall produce non-privileged documents responsive to Request Nos. 1-4 and 6-9 appended to the Rule 45 Subpoena dated June 11, 2025, within 15 business days of this order.

**IT IS SO ORDERED.**

Dated: November 3, 2025

ROBERT M. ILLMAN
United States Magistrate Judge