EDGE, A PROFESSIONAL LAW CORPORATION
Daniel A. Rozenblatt (SBN 336058)
daniel.rozenblatt@edge.law
981 Mission Street 20
San Francisco, CA 94103
Telephone: (415) 515-4809

CAPSTONE LAW APC
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Shahin Rezvani (SBN 199614)
Shahin.Rezvani@capstonelawyers.com
Majdi Y. Hijazin (*pro hac vice*)
Majdi.Hijazin@capstonelawyers.com
Kathy Pham (SBN 329345)
Kathy.Pham@capstonelawyers.com
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>        Defendant. | Case No. 4:21-cv-06770-JSW-RMI<br>*Assigned to the Hon. Jeffrey S. White*<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DECERTIFY**<br><br>Hearing Date:    April 3, 2026<br>Time:        9:00 a.m.<br>Courtroom:    5<br><br>Action Filed:    August 31, 2021<br>FAC Filed:    January 25, 2022<br>Trial Date:    None Set |

Case No. 4:21-cv-06770-JSW-RMI

## I. INTRODUCTION

Nothing in Lenovo's motion to decertify warrants revisiting the Court's ruling, much less changing it. Lenovo bears a "heavy burden" of showing changed circumstances or new evidence making the previous certification untenable. *In re Optical Disk Drive Antitrust Litig.*, 2017 WL 6448192, at *1 (N.D. Cal. Dec. 18, 2017); *Bally v. State Farm Life Ins. Co.*, 2022 WL 594798, at *2 (N.D. Cal. Feb. 24, 2022). Lenovo falls far short of meeting its burden, offering only the passage of time as its excuse for seeking reconsideration via decertification. Lenovo's recycled arguments, which the Court already rejected, do not warrant decertification; a decertification motion which rehashes arguments already considered and rejected is a waste of judicial resources. *McCurley v. Royal Seas Cruises, Inc.*, 2022 WL 4793454, at *2 (S.D. Cal. Sept. 30, 2022). Lastly, the cases cited by Lenovo are *not* controlling, persuasive, or apposite; they do not provide a basis to revisit the Court's certification decision. For these reasons, and those stated below, the Court should deny the Motion.

## II. PROCEDURAL HISTORY

### A. The Court Certifies Injunctive Relief Classes

The Court rendered its order partially granting Plaintiffs' motion for class certification on May 7, 2025, certifying the following two classes under Rule 23(b)(2):

> **The UCL Class**: All individuals who purchased two or fewer Class Products in a single transaction from Lenovo through the website lenovo.com/us/en primarily for personal or family purposes while in the State of California on any Class Day on or after August 13, 2017.

> **The FAL and CLRA Classes**: All individuals who purchased two or fewer Class Products in a single transaction from Lenovo through the website lenovo.com/us/en primarily for personal or family purposes while in the State of California on any Class Day on or after August 31, 2018.

Dkt. No. 270. In its analysis, the Court found the requirements of Federal Rule of Civil Procedure 23(a) satisfied and rejected Lenovo's challenge to Plaintiffs' Article III standing. *Id.* at 10:20-16:9. Specifically, the Court ruled correctly that under Ninth Circuit precedent Plaintiffs can demonstrate standing if they can show "they are 'unable to rely on the product's advertising or labeling in the future and so will not purchase the product although [they] would like to.'" *Id.* at 15 (quoting *Davidson v. Kimberly Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018)). The Court then found Plaintiffs' sworn declarations and deposition testimony sufficient to confer standing. *Id.* at 16:1-9.

**B.    Lenovo's Recycled Standing and "Past Purchasers" Arguments Still Fall Flat**

After certification, Lenovo's discovery in this case consisted of nothing more than submitting expert reports. Dkt. No. 374-1, Rozenblatt Decl., ¶2.[1] Lenovo did not further depose Plaintiffs, nor did it propound additional interrogatories, requests for admission, or requests for production. *Id*.

### III.    ARGUMENT

**A.    Lenovo Fails to Show Changed Circumstances Either in Fact or Law**

To prevail on decertification, a defendant "must demonstrate there are changed circumstances – either in fact or in law – that merit the decertification of the classes." *Munguia-Brown v. Equity Residential*, 2023 WL 1868875, at *2 (N.D. Cal. Jan. 24, 2023) (White, J.).[2] "This burden is relatively heavy, since any doubts regarding the propriety of class certification should be resolved in favor of certification." *Lao v. H&M Hennes & Mauritz, L.P.*, 2019 WL 7312623, at *2 (N.D. Cal. Dec. 30, 2019) (internal quotations, citation omitted).[3] "The Court must determine whether there are common questions on the merits that can be resolved at trial, not to weigh the evidence." *Chavez*, 2011 WL 13153874, at *7 (citations omitted).

Here, Lenovo fails to provide the Court with any "new facts or changes in the parties or in the substantive or procedural law" (*see Brown*, 2018 WL 1993434, at *2) which affect the Court's prior ruling. *See* Dkt. No. 372-1, Declaration of Abby Meyer in Support of Mot. to Decertify, ¶¶3-11 and Exs. A-C. As discussed below, the deposition testimony of Plaintiff Axelrod Lenovo submits in

---

[1] Defendant submitted expert reports in support of the instant Motion. Plaintiffs object to the admission of those reports and their contents as hearsay not subject to any exception. Fed. R. Evid. 801, 802, 805. Moreover, since Defendant has not averred to the qualifications of Dr. Lorin Hitt, the contents of his report are inadmissible for lack of personal knowledge. Fed. R. Evid. 602.

[2] *Accord Brown v. Wal-Mart Store, Inc.*, 2018 WL 1993434, at *2 (N.D. Cal. Apr. 27, 2018) ("[T]he defendant seeking decertification must make a showing that the change is sufficient to warrant reconsidering the certification decision."); *Utne v. Home Depot U.S.A., Inc.*, 2022 WL 1443338, at *5 (N.D. Cal. May 6, 2022) (noting "a motion for decertification will generally only succeed where there has been some change in the law or facts that justifies reversing the initial certification decision").

[3] *Accord In re Apple iPod iTunes Antitrust Litig.*, 2014 WL 6783763, at *5 (N.D. Cal. Nov. 25, 2014) ("The defendant, in moving for decertification, must show that the class no longer meets Rule 23's certification requirements.") (internal quotations, citations omitted); *Chavez v. Blue Sky Natural Beverage Co.*, 2011 WL 13153874, at *7 (N.D. Cal. Sept. 27, 2011) (White, J.) ("The party seeking decertification bears the burden of demonstrating that certification is no longer proper, in that it no longer meets the Rule 23 requirements.").

support of its motion is not new—it was taken 45 days before Lenovo filed its opposition to class certification, and Lenovo could have raised any arguments based on that testimony at that time. *See infra* Part B.2. Likewise, the purported "new" opinions from Lenovo's expert Lorin Hitt on which Lenovo relies are not new at all. *See* Mot. at 8. Dr. Hitt already offered those opinions in support of Lenovo's opposition to class certification. *See, e.g.,* Dkt. No. 223-3, Expert Report of Lorin Hitt, Ph.D., October 4, 2024, at 27-28 (opining "purchases of more expensive items, such as personal computers, tend to trigger higher level of involvement"), 56 n. 198 (noting "more than 50 percent of respondents indicated that storage, screen size, brand, and speed were features they considered before purchasing the product"), 28 n. 98 ("Durable goods also have been used to create conditions of high involvement because, in case of mispurchase, one is stuck with a poor product for a long time."). There are simply no new facts or changed circumstances that warrant reconsideration.

Nor does Lenovo present the Court with any controlling authority published after the grant of certification warranting reconsideration. *See* Dkt. No. 372, Mot., at 4:25-5:6. Simply put, Lenovo fails to shoulder its burden; the Court should thus deny the Motion and need go no further.

**B.       Lenovo's Standing Arguments Are Meritless and Recycled**

1.       *The relevant Article III standing inquiry is whether Plaintiffs had standing when this action was filed.*

Lenovo's standing argument blurs two distinct concepts: when standing is assessed and the evidentiary burden at later stages of the litigation. Lenovo argues that "Plaintiffs cannot establish their Article III standing at this successive stage of the litigation," because their "evidence of intent is several years old" and they "can no longer establish Article III standing." Mot. at 6. That is incorrect. The Article III inquiry remains fixed on whether Plaintiffs had standing at the time they filed suit.

The Supreme Court instructs:

> It has long been the case that the jurisdiction of the Court depends upon the state of things at the time of the action brought.  This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure.

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71, (2004) (internal citation and quotation marks omitted). Thus, the question is not whether Plaintiffs have Article III standing today, but whether they had Article III standing at the time they brought this action.

-3-                                    Case No. 4:21-cv-06770-JSW-RMI

The Ninth Circuit recently reaffirmed the "time-of-filing" rule in *Gonzalez v. U.S. Immigration & Customs Enforcement*, 975 F.3d 788 (9th Cir. 2020). There, the Government argued the plaintiff lacked standing to seek prospective injunctive relief and could not represent the relevant subclass because it "cancelled the detainer that it lodged against him within hours after he brought suit." *Id.* at 802. The Ninth Circuit rejected that argument, explaining "while the proof required to establish standing increases as the suit proceeds, the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome *when the suit was filed*." *Id.* at 803 (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)) (emphasis original) (cleaned up). In other words, it depends on the state of things "at the time the plaintiff commenced suit." *Id.* (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007)). Accordingly, the court assessed the plaintiff's "standing for prospective injunctive relief as of the time when he commenced suit," and concluded that because he "had standing to seek prospective injunctive relief when he commenced suit," "he could represent the class on whose behalf the district court entered the injunctions." *Id.*

The cases Lenovo cites do not stand for the proposition Lenovo advances. *See* Mot. at 6 n.3. In *Brett v. Brooks Bros. Grp., Inc.*, the court considered the passage of time between the data breach and when the plaintiffs brought suit—not the passage of time since the lawsuit was filed. 2018 U.S. Dist. LEXIS 153150, at *10-11 (C.D. Cal. Sep. 6, 2018).

Lenovo also quotes language from *Beck v. McDonald*, 848 F.3d 262, 275 (4th Cir. 2017), but does so without acknowledging that the quoted language originates from a district court decision later reversed by the Ninth Circuit. The language—"the passage of time without a single report from Plaintiffs that they in fact suffered the harm they fear must mean something"—comes from *In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 958 (D. Nev. 2015). The Ninth Circuit rejected that reasoning when it reversed the district court's standing ruling, explaining that "the passage of time does not change the relevant moment as to which Plaintiffs must establish that they had standing." *Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*, 888 F.3d 1020, 1028 n.12 (9th Cir. 2018). The Ninth Circuit further explained that its conclusion was consistent with *Beck*, because "the time since the data breach appears to have mattered in *Beck* because the court concluded that the plaintiffs lacked standing after the breach in the first place." *Id.* at 1029 n.13. Thus, *Zappos* makes clear that the passage of time does not alter the time-of-filing rule

governing Article III standing, and Lenovo's reliance on the quoted language is misplaced.

Under this controlling Ninth Circuit authority, the relevant question is whether Plaintiffs had standing to seek prospective injunctive relief when this action was filed. As discussed below, Plaintiffs did. And Lenovo identifies no facts that undermine Plaintiffs' standing at that time. Plaintiffs therefore may represent the injunctive-relief classes the Court has already certified.

2.    *Lenovo points to no new facts and thus has not shown good cause for revisiting the Court's standing determination.*

Under Ninth Circuit precedent, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). That is because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* For that reason, this Court explained in *Moore v. GlaxoSmithKline Consumer Healthcare Holdings*:

> "A previously deceived consumer may have standing to seek an injunction against false advertising or labeling," if (1) "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or (2) "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved."

713 F. Supp. 3d 660, 680 (N.D. Cal. 2024) (White, J.) (quoting *Davidson*, 889 F.3d at 969-70).

Lenovo fails to cite binding legal authority to the contrary. *Berni v. Barilla S.P.A.* 964 F.3d 141 (2d Cir. 2020), is non-binding. The Ninth Circuit's decision in *Davidson* is.[4] Accordingly, the relevant standing inquiry is whether either of these conditions applied at the time Plaintiffs filed suit.

The Court has already resolved that question, finding, based on Plaintiffs' sworn declarations and deposition testimony, they had established standing under *Davidson*. *See* Dkt. No. 270, Class Certification Order, at 15-16. In making that finding, the Court expressly rejected Lenovo's argument that Plaintiffs' deposition testimony contradicted their declarations. *See id.* at 16 ("Lenovo argues their

---

[4] *See Vitiosus v. Alani Nutrition, LLC*, No. 21-cv-2048-MMA (MDD), 2022 U.S. Dist. LEXIS 118090, at *17 (S.D. Cal. July 5, 2022) (noting the circuit split between *Davidson*, which permits standing for injunctive relief by previously deceived consumers, and *Berni*, which does not); *Esquibel v. Colgate-Palmolive Co.*, 2025 U.S. Dist. LEXIS 122356, at *13-14 (S.D.N.Y. June 27, 2025) (same).

deposition testimony is inconsistent with their declarations. The Court is not persuaded."). Indeed, the Court cited specific portions of Plaintiffs' deposition transcripts in concluding Plaintiffs had standing and met their burden under Rule 23(b)(2).

Lenovo now asks the Court to revisit the same deposition testimony, submitting another page from the same deposition transcript as if it were "new" evidence. *See* Dkt. No. 372-2, Meyer Decl., Ex. A. But the testimony Lenovo asks this Court to review was given on August 20, 2024—forty-five days before Lenovo filed its opposition to Plaintiffs' motion for class certification on October 4, 2024.[5] That Lenovo chose not to rely on certain portions of Mr. Axelrod's deposition testimony in its earlier challenge to Plaintiff Axelrod's standing does not render previously available testimony "new" evidence establishing good cause for the Court to revisit its prior ruling on standing.

Moreover, the deposition testimony Lenovo submits in support of its motion to decertify does not change any of the facts the Court already considered in assessing whether Plaintiffs had standing "at the time [Plaintiffs] commenced suit." *See Gonzalez*, 975 F.3d at 803. "Plaintiffs have each testified they would like to make future purchases from Lenovo but cannot do so because they cannot rely on Lenovo's representations about its price reductions being truthful, thus satisfying the standing requirement."[6] Dkt. No. 241-3, Pls.' Reply in Support of Mot. for Class Cert., at 10. Lenovo cites no authority that additional proof beyond Plaintiffs' sworn declarations and deposition testimony is required to establish standing at this stage of the litigation.

### 3. *Evidence of unnamed Class Members' standing is not required.*

Lenovo's second standing argument fares no better. Lenovo asserts that "Plaintiffs have not

---

[5] In support of that opposition, Lenovo attached more than 100 pages of testimony from the very same deposition of Mr. Axelrod. *See* Dkt. No. 222-4, Declaration of Abby Meyer in Support of Lenovo's Opposition to Class Certification, Ex. A.

[6] *See* Dkt. No. 200-1 ¶ 10; Dkt. No. 200-2; Dkt. No. 241-4, Rozenblatt Decl., Ex. 6, Axelrod Dep. Tr. 76:16-19 ("After this experience, would you purchase another product on Lenovo.com?" "I definitely would, if I could be assured that the price was not deceptive."), 76:25-77:4 ("[Do you have any plans for that] in the future?" "If I need a new laptop, and I can be assured that the price is valid, then I would go back and look."); Ex. 7, Burk Dep. Tr. 268:6-7 ("What would you like to purchase from Lenovo?" "I would like to purchase a laptop from Lenovo in the future."), 270:4-14 ("[I]s there anything stopping you from making future purchases on Lenovo.com?" "Yes. . . . I feel like I cannot rely on the stated estimated value, web price, regular price, to be the regular price, to trust the discounts on the website are accurate discounts.").

developed any evidence showing that the members of the Injunctive Relief Classes have Article III standing." Mot. at 7. But Lenovo cites no authority imposing such a requirement for an injunctive relief class—because none exists. Lenovo instead erroneously cites *Healy v. Milliman, Inc*., 164 F.4th 701 (9th Cir. 2026) for the proposition unnamed members of an injunctive relief class must demonstrate standing. But *Healy* says nothing of the sort; in fact, it noted "the Supreme Court's prior direction that *only one named plaintiff needs to demonstrate standing in a class action seeking equitable relief, even at the final stage of a case when relief is awarded*." *Id.* at 706 (citing *Baggett v. Bullitt,* 377 U.S. 360, 366 n.5 (1964)) (emphasis added). The law is clear that in a class action seeking injunctive relief, the standing inquiry focuses on the named plaintiffs, not each unnamed class member.

The Ninth Circuit has long held that where only liability and equitable relief are at issue (as is the case here), courts "consider only whether at least one named plaintiff satisfies the standing requirements for injunctive relief." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc). So long as the named plaintiffs have standing to seek prospective relief, they may pursue that relief on behalf of the class. Nothing in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), alters that rule. *TransUnion* held that "[e]very class member must have Article III standing in order to recover individual damages," but emphasized that standing must be evaluated separately for each form of relief sought, "for example, injunctive relief and damages." *Id.* at 431. The Ninth Circuit reaffirmed these principles in *Healy*, making clear the narrow reach of *TransUnion*: "In sum, we hold that *TransUnion* requires named and unnamed members of a certified class *for money damages* to demonstrate that there is a genuine dispute of material fact over standing *at summary judgment*." *Id.* at 710 (emphasis added); *see also id.* at 703 ("[We conclude] both named and unnamed class members *in a money damages suit* must present evidence of standing *at summary judgment*." (emphasis added)).

Here—unlike in *TransUnion*—no damages class has been certified, nor is there any pending summary judgment challenge that would require proof of standing of unnamed class members. Instead, under the current procedural posture, Plaintiffs seek injunctive relief on behalf of the certified Rule 23(b)(2) classes. The named Plaintiffs have already demonstrated Article III standing to seek that injunctive relief. Under longstanding precedent reaffirmed by the Ninth Circuit in *Healy*, that showing is sufficient to support the claims of the injunctive-relief classes "even at the final stage of a case when

-7-                    Case No. 4:21-cv-06770-JSW-RMI

relief is awarded." *Id.* at 706. Accordingly, because Plaintiffs have established standing to pursue injunctive relief, no separate showing of standing by each unnamed class member is required.

### C.      The Class Members Will Benefit from an Injunction.

Defendant seeks to rewrite the law to shift the focus of Rule 23(b)(2) solely to individuals' purchasing habits. The law does not support this proposition. "A class action may be maintained if Rule 23(a) is satisfied and if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

In certifying a Rule 23(b)(2) class, "the focus is not on the claims of individual class members, but rather whether [the defendant] has engaged in a 'common policy.'" *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 599 (N.D. Cal. 2015) (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)). "The Court is not required 'to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them.'" *Mueller v. Puritan's Pride, Inc.*, 2021 WL 5494254, at *8 (N.D. Cal. Nov. 23, 2021) (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010).) "It is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Id.* (internal citations omitted).

Apply those principles, this Court has certified Rule 23(b)(2) classes in other deceptive pricing class actions. For example, in *Stathakos v. Columbia Sportswear Co.*, this Court explained "the final injunctive relief sought by plaintiffs—namely, the discontinuation of defendants' current use of reference prices—would apply generally to the entire class" and thus found a Rule 23(b)(2) class appropriate. 2017 WL 1957063, at *16 (N.D. Cal. May 11, 2017) (finding certification of plaintiffs' proposed class appropriate and the injunctive relief sought by plaintiffs—namely, discontinuation of defendants' current use of reference prices—would apply generally to the entire class."). Likewise, in *Mueller*, this Court found the "injunctive relief in the form of 'the discontinuation of Defendants' false BOGO prices'" sought by the plaintiffs suitable for a Rule 23(b)(2) class—and all the more so in light of its denial of a Rule 23(b)(3) class. *Mueller*, 2021 WL 5494254, at *8. As in *Stathakos* and *Mueller*, Plaintiffs seek an injunction prohibiting Lenovo's use of deceptive reference prices. *See* Dkt. No. 19,

FAC, ¶¶74, 176, 191, 200.

Under this controlling authority, Plaintiffs are entitled to seek injunctive relief on behalf of the Certified Classes. In granting class certification, the Court rejected Lenovo's argument that Plaintiffs "ha[d] not shown a 'common policy' that impacted the putative class," ruling they had shown the substance of the price stacks remained consistent. Dkt. No. 270 at 15:19-21; *see also id.* at 12:23-25 ("Plaintiffs also show that even when Lenovo changed the format of the price stacks, the basic information remained the same: the reference price coupled with the purported discount.").[7] Consistent with the Court's finding, Lenovo's consistent policy of advertising misleading discounts is one that "can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Indeed, deceptive pricing cases like *Stathakos*, *Mueller*, and the instant action "exemplif[y] the kind of action that may be appropriate for certification under Rule 23(b)(2)" because the injunctive relief prohibiting such practices "can be satisfied with 'indivisible' equitable relief that benefits all class members at once." Ries v. Ariz. Bevs. USA LLC, 287 F.R.D. 523, 541 (N.D. Cal. 2012).

On the other hand, Lenovo's cited cases are inapposite. As discussed above in B.1, *Berni* is non-binding and unpersuasive, and Defendant provides no controlling authority, let alone new facts or changes in law, to support its proposition that a single injunction will not benefit the entire class. *Munoz v. Giumarra Vineyards Corp.* holds no sway here. 2012 WL 2617553 (E.D. Cal. July 5, 2012). That case arose in a fundamentally different context: the employer-employee relationship. In *Munoz*, the court concluded the injunctive relief would not benefit the entire class because it included ex-employees no longer working for the defendant, who necessarily could not benefit from the changes to workplace policies. *Munoz,* 2012 WL 2617553, at *35, *report and recommendation adopted*, 2013

---

[7] The facts Plaintiffs have developed since class certification reinforce Lenovo's common policy. *See, e.g.*, Dkt. No. 374-1, Rozenblatt Decl., Ex. A, Depo. Tr. Lara Parker 30(b)(6) at 45:9-20 ("**Q.** Is it a true statement that when a class product was offered at a discount on Lenovo's website from May 31st, 2017, to April 30th, 2022, the discount was always displayed as either a dollar amount equal to the amount the user was purportedly saving or a percent off equal to the amount the user was purportedly saving?" **A.** Yes. **Q.** And is that true for the period of May 1st, 2022, to present? **A.** Yes."). Lenovo's attempt to litigate the merits of its policy—that is, whether the discounts are false and misleading—is an issue for summary judgment or trial; it is not appropriate for resolution on a motion to decertify.

WL 2421599 (E.D. Cal. June 3, 2013). That logic does not translate to consumer protection cases. As the Ninth Circuit explains in *Davidson*, either (i) a consumer's inability to rely on advertising despite their desire to purchase, *or* (ii) the risk a consumer "might purchase the product in the future [and] reasonably, but incorrectly, assume" the advertising is correct is sufficient to confer standing. *Davidson*, 889 F.3d at 969-70; a*ccord Moore*, 713 F. Supp. 3d at 680 (White, J.). In *Davidson*, the Ninth Circuit expressly rejected the rationale Lenovo urges this Court to adopt. *See Davidson*, 889 F.3d at 969 n.7 (rejecting the reasoning of several other circuits that "have considered whether a previously deceived consumer has standing to seek injunctive relief and have held they do not").

What does hold sway here is the Ninth Circuit's express endorsement of this Court's class certification ruling in *Ries*, where this Court held that cases where "plaintiffs request: (1) declaratory relief that the alleged practices are unlawful, and (2) injunctive relief prohibiting defendants from continuing them" exemplify the kind of case appropriate for certification under Rule 23(b)(2). Ries, 287 F.R.D. at 541; *see also Davidson*, 889 F.3d at 968 (endorsing class certification in *Ries*). As in *Stathakos*, *Mueller*, and other false reference pricing cases, this case, too, exemplifies the kind of case appropriate for class certification under Rule 23(b)(2*). See also Mier v. CVS Pharmacy, Inc.*, 2021 U.S. Dist. LEXIS 150423, at *17 (C.D. Cal. Apr. 29, 2021) (finding Rule 23(b)(2) class appropriate where the declaratory relief and injunctive relief sought "can be satisfied with 'indivisible' equitable relief that benefits all class members at once, as the Rule [23] suggests.").

Lenovo fails to present changed circumstances, new evidence, or new law. The Court should leave its prior ruling untouched.[8]

**IV.    CONCLUSION**

For all the foregoing reasons, and each of them, the Court should deny the Motion.

---

[8] None of the decisions on which Defendant relies in arguing decertification vis-à-vis Rule 23(b)(2) issued after the Court's ruling on certification. *See generally* Mot. at 5:7-8:17. Thus they do not constitute a change in law warranting reexamination of the Court's certification ruling.

Dated:  March 11, 2026                 CAPSTONE LAW APC


                                       By:    */s/ Cody R. Padgett*
                                              Cody R. Padgett
                                              Shahin Rezvani
                                              Majdi Y. Hijazin
                                              Kathy Pham

                                              EDGE, A PROFESSIONAL LAW CORPORATION
                                              Daniel A. Rozenblatt

                                              *Attorneys for Plaintiffs and the Classes*

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DECERTIFY