SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppard.com
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
baigboboh@sheppard.com
CHLOE G. CHUNG, Cal. Bar No. 341398
cchung@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

SHEPPARD MULLIN RICHTER & HAMPTON LLP
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppard.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

*Attorneys for Defendant*
LENOVO (UNITED STATES) INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>        Defendant. | Case No. 4:21-cv-06770-JSW-RMI<br><br>[*Assigned to the Hon. Jeffrey S. White*]<br><br>**DEFENDANT'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' MOTION FOR SANCTIONS AGAINST LENOVO AND ITS COUNSEL FOR SPOLIATION OF EVIDENCE**<br><br>Complaint Filed:    August 31, 2021<br>FAC Filed:    January 25, 2022<br>Trial Date:    None Set |

-1-                                    Case No. 4:21-cv-06770-JSW-RMI

Pursuant to L.R. 7-11 and 79-5, which counsel has reviewed and complied with, Defendant submits this statement supporting the sealing of certain information proposed by Plaintiffs in their Administrative Motion [Dkt. 381] in connection with Plaintiffs' Motion for Sanctions Against Lenovo and Its Counsel for Spoliation of Evidence [Dkt. 380] ("Motion")[1].

## I.    PORTIONS OF DOCUMENTS PROPOSED TO BE REDACTED[2]

Lenovo seeks to seal excerpts from the Motion, the supporting Declaration of Daniel Rozenblatt [Dkt. 380-1] ("Rozenblatt Decl."), the Index of Exhibits for the Compendium of Evidence ("CE") [Dkt. 380-2] ("Index"), CE Exhibit Volumes I-II [Dkts. 380-3, 380-4], and the [Proposed] Order [Dkt. 380-5] ("PO") (the "Confidential Information"). Lenovo seeks to seal only the portion of these documents necessary to protect its legitimate interest in maintaining the confidentiality of its competitive business operations, financial, strategic and pricing information, and/or trade secrets, and of an agreement that it entered into with a third-party regarding a commercial concern. Meyer Decl., ¶¶ 3-4. In particular, Lenovo seeks to seal (1) confidential and proprietary pricing-related information, (2) business strategies related to pricing for the products at issue in the FAC, and (3) descriptions of, references to, analysis of, and conclusions drawn from a confidential agreement and discussions thereof. *Id*. The agreement in question includes a confidentiality provision that all parties and their counsel agreed to, and all parties and their counsel have objected to producing or providing the agreement and information related thereto. Dkt. 311-1. Permitting public filing of the Confidential Information would (1) as to the agreement, invalidate the terms consented to by the parties, and (2) as to the pricing and strategy information, allow Lenovo's competitors to gain an unfair advantage over Lenovo and potentially harm Lenovo by, for example, adopting Lenovo's pricing data and strategies, taking the sales and pricing data and strategies out of context to use the information in harmful marketing campaigns, or adjusting their competitive marketing and strategy to differentiate themselves from Lenovo. The Confidential Information sought to be sealed is as follows:

| Materials Sought To Be Sealed | Description |
| --- | --- |
| Motion, at pgs. i:9-10; ii:5; iii:12-16, | Excerpts from, descriptions of, and conclusions drawn |

[1] As set forth in Lenovo's Admin Motion at Dkt. 382, Plaintiffs' Motion is time-barred. Lenovo submits this Statement solely to preserve the confidentiality of its Confidential Information, but in doing so, does not waive any substantive arguments, as it awaits a ruling on its Admin Motion.

[2] For the avoidance of doubt, Lenovo's sealing request is not coextensive with Plaintiffs'.

| | |
|---|---|
| 18, 21, 22, 25; iv:6; 1:2-8, 12-13, 15-17, 20; 3:2-3, 15-23, 26-28; 4:1, 4-28; 5:1-28; 6:1-23, 25, 27; 7:1-6, 9-12, 15, 17, 20-26; 8:1-2, 4, 9, 11-13, 18-19, 21-23, 28; 9:2, 4-5, 9-11, 13-14, 17; 10:4-10, 12, 14-16, 20, 23, 25; 11:2, 6-11, 14-26, 28; 12:1-8, 11-12, 15-17, 20-21, 25-28; 13:2-3, 10, 18-24, 26-28; 17:9-10; 18:4-5, 10-12, 15-21, 26-27; 19:4; 20:1-3, 6-11, 22; 21:3-5, 8-13; 22:10, 23-27; 23:3-6, 10-12, 14, 17-18, 20-24, 26-27; 24:1-3, 6, 18-19; 25:19, 26 | from a confidential agreement between Lenovo and a private third-party which Lenovo has designated as CONFIDENTIAL under the Protective Order and which agreement contains a confidentiality clause; discussions of the confidential agreement are subject to privilege protections.  Data showing, derived from, and which may capture, show or reflect, Lenovo's confidential pricing and sales data; and/or Lenovo's confidential pricing strategies. |
| Rozenblatt Decl., at pgs. 1:18-20, 22-24, 28; 2:1-10, 23-24; 4:2-5, 10-11, 15-22; 5:3-7, 11-12, 17-18, 22-27; 6:6-7, 11-22, 28; 7:1, 5-12, 18, 22-28; 8:1, 5-14, 18-23, 28; 9:1-3, 8-10, 14-18, 23-24; 10:3-8, 21-26; 12:20-23; 13:25-27; 14:6, 11-12, 16-17, 21; 15:1-3, 21; 17:1, 3 | Excerpts from, descriptions of, and conclusions drawn from a confidential agreement between Lenovo and a private third-party which Lenovo has designated as CONFIDENTIAL under the Protective Order and which agreement contains a confidentiality clause; discussions of the agreement are subject to privilege protections. Data showing, derived from, and which may capture, show or reflect, Lenovo's confidential pricing and sales data; and/or Lenovo's confidential pricing strategies. |
| Index, at pgs. 1:10-13, 15-28; 2:2-6 | Excerpts from, descriptions of, and conclusions drawn from a confidential agreement between Lenovo and a private third-party which Lenovo has designated as CONFIDENTIAL under the Protective Order and which agreement contains a confidentiality clause. Data showing, derived from, and which may capture, show or reflect, Lenovo's confidential pricing and sales data; and/or Lenovo's confidential pricing strategies. |
| CE Exs. 8; 9; 10; 11; 12; 13; 14; 15; 16; 17; 18; 19; 20; 21; 22; 23; 24; 25; 26; 27; 47, at the 'Description' column; 48, at CE 0802; 49 at CE 0808; 50; 59 | Excerpts from, descriptions of, and conclusions drawn from a confidential agreement between Lenovo and a private third-party which Lenovo has designated as CONFIDENTIAL under the Protective Order and which agreement contains a confidentiality clause; discussions of the agreement are subject to privilege protections. |
| CE Exs. 5; 28; 31; 40; 43; 44; 45; 51, at CE 0832-34; 52; 54; 55; 56; 57; 58; 60; 61; 62; 64; 65 | Data showing, derived from, and which may capture, show or reflect, Lenovo's confidential pricing and sales data; and/or Lenovo's confidential pricing strategies. |
| PO, at 1:5, 6, 7, 9, 11 | Excerpts from, descriptions of, and conclusions drawn from a confidential agreement between Lenovo and a private third-party which Lenovo has designated as CONFIDENTIAL under the Protective Order and which agreement contains a confidentiality clause. |

## II.    LEGAL STANDARD

To maintain a document under seal, a party must "(1) comply with [L.R.] 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents…." *Gaudin v. Saxon Mortgage Servs*., 2013 U.S. Dist. LEXIS 82059, \*2 (N.D. Cal. June 11, 2013). The first prong requires a showing that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of

sealable material." *Id.* "With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id.* Access to filings "more than tangentially related to the merits" are sealed only upon a showing of "compelling reasons". *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits are sealed upon a lesser showing of "good cause." *Id.* at 1097. The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a *sealed discovery document* attached to a *non-dispositive* motion". *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (emph. original; cleaned up); *Pinto v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Lenovo's request satisfies this test: it is narrowly tailored to materials that are "privileged or protectable as a trade secret or otherwise entitled to protection under the law", and there is "good cause" to maintain the confidentiality of the materials.

## III.  THE CONFIDENTIAL INFORMATION SHOULD REMAIN UNDER SEAL

### A.  Legitimate Private Or Public Interests Warrant Sealing

"[S]ources of business information that might harm a litigant's competitive standing" can sufficiently support a request to seal. *Ctr. for Auto Safety*, 809 F.3d at 1097; *Nixon v. Warner Commc'n*, 435 U.S. 589, 598 (1978). Courts have held "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" are each the types of documents that may be sealed. *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, *2 (N.D. Cal. June 26, 2023). Likewise, documents detailing a party's "business and pricing strategies" are treated as "trade secret[s]"[3] or "confidential information." *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 2012 U.S. Dist. LEXIS 176346, *6 (E.D. Cal. Dec. 11, 2012). "Detailed product-specific financial information" including sales data is presumptively protected and sealable. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2015 U.S. Dist. LEXIS 3354, *19 (N.D. Cal. Jan. 12, 2015) (sealing financial information re product sales); *Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.*, 2020 U.S. Dist. LEXIS 151274, *7-8 (N.D. Cal. Aug. 20, 2020) (sealing information re units sold).

---

[3] *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 115847, *11-12 (N.D. Cal. Aug. 15, 2013) (sealing information re "business strategies," that were usable by competitors); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 68611, *12 (N.D. Cal. May 13, 2013) (materials showed "internal strategy" and the "decision making process").

First, the Confidential Information includes a confidential agreement with a private, third-party regarding a commercial matter. The agreement is a confidential record by its own terms as it contains a confidentiality clause that governs all executing parties including their counsel. Dkt. 311-1, ¶ 3. All parties to the agreement were and are obligated to maintain the record confidentially, which Lenovo has done and which Lenovo reasonably believes the other executing parties have done based on their objection to producing the same pursuant to Plaintiffs' subpoena. *Id.*, ¶¶ 3-5. The Confidential Information also consists of contextual information and descriptions and references to the agreement, and discussions thereof, which would reveal the content and purposes of the agreement. Meyer Decl., ¶¶ 3-4. The inability to maintain as confidential the contents of and references to this agreement when they have expressly bargained for and agreed to will have a chilling effect on future contracts and resolutions of disputes. This is inconsistent with the policy favoring resolution of disputes. *See* Notes of Advisory Committee on Proposed Rule 408 (identifying this public policy, and "[w]hile the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto.").

Second, the Confidential Information consists of valuable sales data and pricing strategies information that Lenovo keeps secret and closely holds as proprietary, confidential commercial information. Dkt. 70-1, ¶ 16; Dkt. 138-2, ¶¶ 3-4; Dkt. 255-1, ¶¶ 2-3. The specific details of Lenovo's sales data and pricing models and strategies are not shared publicly and are only accessible by certain internal employees and if necessary, certain external advisors such as attorneys. *Id*. Lenovo operates in a highly competitive market. Dkt. 138-2, ¶ 5; Dkt. 255-1, ¶ 6. If Lenovo's competitors obtained information regarding the pricing strategies herein, they would be able to gain an unfair advantage over Lenovo and potentially harm Lenovo by, for example, adopting Lenovo's pricing strategies, taking the pricing strategies out of context to use the information in harmful marketing campaigns, or adjusting their competitive marketing and strategy to differentiate themselves from Lenovo. *Id.* Making the Confidential Information public would place Lenovo in a very different position from its competitors and significantly alter the market's status quo. Dkt. 138-2, ¶ 6; Dkt. 255-1, ¶ 7.

**B.     The Sealing Request Is The Least Restrictive, Most Narrowly Tailored Option**

Lenovo seeks to seal only truly sensitive information contained in the Motion, Rozenblatt

Decl., Index, CE, and PO. Meyer Decl., ¶¶ 3-4. The Confidential Information cannot be publicly filed without revealing the details of a confidential agreement between Lenovo and a third-party, and Lenovo's confidential sales data, pricing strategies, and trade secrets. Thus, L.R. 79-5 is satisfied.[4]

**C.    Good Cause Exists To Seal The Confidential Information**

There is good cause (and compelling reasons) to support sealing court files that might become "'vehicle[s] for improper purposes,' such as the use of records to gratify private spite… or release trade secrets." *Kamakana*, 447 F.3d at 1179; *Roley v. Google LLC*, 2020 U.S. Dist. LEXIS 265470, *2-3 (N.D. Cal. Apr. 28, 2020). Where the compelling reasons standard is met, good cause is also met. *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 5767465, *3 (N.D. Cal. Sept. 6, 2023). There is good cause for sealing "business and proprietary information relating to the operations" of Defendant. *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, *2 (N.D. Cal. Sept. 17, 2020) (sealing "business information that might harm a litigant's competitive standing"); *FTC v. Qualcomm, Inc.*, 2019 WL 95922, *3 (N.D. Cal. Jan. 3, 2019) (sealing information that "divulges terms of confidential contracts, contract negotiations, or trade secrets"). As set out here, in the Meyer, and prior Morey Decls., if information concerning Lenovo's sales/pricing data and strategies were made public, its competitors could use the information to compete with Lenovo unfairly. If the trade secret data at issue (specific information about how Lenovo prices its products and its sales), were made public, Lenovo would be vulnerable to significant competitive harm from others in the marketplace who could use it strategically in competition. Additionally, disclosure of the Confidential Information would invalidate a lawful agreement between two parties, each represented by counsel, who agreed to confidentiality and have sought to maintain confidentiality. This Court has previously sealed all three types of Confidential Information. (*see, e.g.*, Dkts. 344-46, 370, 377). Lenovo's interest in maintaining the Confidential Information under seal is supported by public policy favoring resolution of disputes, outweighing the public right of access. Good cause thus exists to seal the Confidential Information.

**IV.    <u>CONCLUSION</u>**

Lenovo respectfully requests that the Court grant its narrowly tailored sealing request.

---

[4] If the Court disagrees, the application should be denied without prejudice. *Ponomarenko v. Shapiro*, 2017 U.S. Dist. LEXIS 133560, *11-12 (N.D. Cal. Aug. 11, 2017).

Dated: April 14, 2026                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                     By        /s/ Chloe G. Chung
                                          _____
                                               P. CRAIG CARDON
                                               ABBY H. MEYER
                                               BENJAMIN O. AIGBOBOH
                                               CHLOE G. CHUNG

                                               *Attorneys for Defendant*
                                          LENOVO (UNITED STATES) INC.

Case No. 4:21-cv-06770-JSW-RMI
SMRH:4914-2880-1183.1                DEFENDANT'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION