EDGE, A PROFESSIONAL LAW CORPORATION
Daniel A. Rozenblatt (SBN 336058)
daniel.rozenblatt@edge.law
981 Mission Street 20
San Francisco, California 94103
Telephone: (415) 515-4809

CAPSTONE LAW APC
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Shahin Rezvani (SBN 199614)
Shahin.Rezvani@capstonelawyers.com
Majdi Y. Hijazin (pro hac vice)
Majdi.Hijazin@capstonelawyers.com
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiffs and the Certified Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 4:21-cv-06770-JSW-RMI<br>*Assigned to the Hon. Jeffrey S. White*<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. NO. 396)**<br><br><br>Action Filed:　Aug. 31, 2021<br>FAC Filed:　　Jan. 25, 2022<br>Trial Date:　　None set |

Pursuant to Local Rule 79-5(f)(4), Plaintiffs hereby submit their response in opposition to Lenovo's statement in support of sealing ("Sealing Request").  (Dkt. No. 396.)

## I.   <u>LEGAL STANDARD</u>

"Courts generally apply a 'compelling reasons' standard when considering motions to seal documents."  *Charles v. Target Corp.*, No. 20-cv-7854-HSG, 2022 U.S. Dist. LEXIS 118671, at *5 (N.D. Cal. July 6, 2022) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Charles*, 2022 U.S. Dist. LEXIS 118671, at *5-6 (quoting *Kamakana*, 447 F.3d at 1178-79). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179.  The sealing proponent "bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails." *Id.* at 1182.

"Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file [materials] under seal must explain '(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.'" *Charles*, 2022 U.S. Dist. LEXIS 118671, at *6-7.

## II.   <u>ARGUMENT</u>

### A.   The "compelling reasons" standard applies.

Whether the "presumptive 'compelling reasons' standard or the 'good cause' exception" applies turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097-98 (9th Cir. 2016). Here, Lenovo seeks a ruling that Plaintiffs' spoliation motion is time-barred—a merits-related issue concerning the destruction of pricing data that goes to the heart of Plaintiffs' claims.  (*See* Dkt. No. 380, Spoliation Mot. at 1, 22.)  Thus, the spoliation at issue and relief Lenovo seeks easily surpass

the "tangential relevance threshold" set forth by the Ninth Circuit.  *See Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1211 (S.D. Cal. 2023) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096-98).

Lenovo does not dispute the "compelling reasons" standard applies.  *See generally* Sealing Request.  Instead, it argues there is both "good cause" and "compelling reasons" for sealing.  *Id.* at 4:4-5, 6:1-26.  Even if the "good cause" standard applied, Lenovo still fails to meet it.  The Ninth Circuit makes clear that even under the lower "good cause" standard, a "particularized showing" is required.  *Kamakana*, 447 F.3d at 1180.  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Lenovo makes no such particularized showing here, relying instead on conclusory assertions of harm that are insufficient under both standards.  As discussed below, Lenovo fails to identify any specific, concrete harm from disclosure, and its Sealing Request therefore cannot overcome the strong presumption of public access.

**B.    References to the ▮▮▮▮▮ from Hattis & Lukacs are not sealable.**

Lenovo seeks to seal references to a ▮▮▮▮▮ sent by Hattis & Lukacs.  (*See* Sealing Request at 2-3 (seeking to seal Opp. at 1:19-20, 2:05, 2:24-25, 3:19-20, Rozenblatt Decl., Ex. 1 at 1, Ex. 3 at 3).)  Lenovo does not meet its burden to justify sealing those references.

*First*, Lenovo mischaracterizes the ▮▮ as "discussions of, descriptions of, and conclusions from a confidential agreement."  (Sealing Request at 2-3.)  In fact, the ▮▮ was sent before any such discussions occurred and ▮▮▮▮▮▮▮▮▮▮ rather than reflecting any such agreement.  Because Lenovo's stated basis for sealing the ▮▮ is inapplicable, any purported justification likewise fails.  *Second*, Lenovo makes no showing whatsoever of the specific harm it would suffer from disclosure.  *See Select Portfolio Servicing v. Valentino*, No. 12-cv-334-SI, 2013 U.S. Dist. LEXIS 74051, at *3-4 (N.D. Cal. May 23, 2013) (good cause requires "particularized facts" showing the "harm might result from disclosure").  *Third*, Lenovo lacks standing to seek sealing of a document it neither produced nor designated as confidential.  The ▮▮▮▮ was drafted by Hattis & Lukacs.  Plaintiffs obtained the ▮▮ by subpoenaing Hattis & Lukacs because Lenovo refused to produce it.  (*See* Dkt. No. 343, Order compelling compliance with Plaintiffs' subpoena.)  When Hattis & Lukacs produced the ▮▮ in November 2025, it did not designate it as confidential.  (*See* Dkt. No.

380-3, Comp. of Evid., Vol. 1, Ex. 8, ▓▓▓▓▓▓.)  Lenovo lacks standing to seal documents it did not produce in discovery or designate as confidential.[1]

*Finally*, the ▓▓ has already been publicly disclosed in prior filings without objection from Lenovo.  When Plaintiffs first learned of the ▓▓, they challenged Lenovo's withholding of it, and specifically referenced the "Hattis & Lukacs ▓▓▓▓▓▓" and the "Hattis & Lukacs March 22 ▓▓▓▓▓▓.pdf" in public filings.  (Dkt. No. 278, Plaintiffs' Opp. to Lenovo's Adm. Mot. for Temporary Stay of Discovery, at 3.)  There is no basis for sealing materials that have already been publicly disclosed.  *See Epic Games v. Apple Inc.*, No. 20-cv-5640-YGR, 2021 U.S. Dist. LEXIS 90894, at \*8 (N.D. Cal. May 12, 2021) (denying sealing of information already publicly disclosed).

**C.    References to and the substance of the ▓▓▓▓▓▓ are not sealable.**

Lenovo seeks to seal references to and the substance of a ▓▓▓▓▓▓.[2]  (*See* Sealing Request at 2-3 (seeking to seal Opp. at 1:13-15, 16, 2:8-13, 13-15, 3:2, 12, 14-15, 20, Rozenblatt Decl., Ex. 2 at 1-2, Ex. 3 at 3)).)  Lenovo describes the ▓▓▓▓▓▓ as a "confidential agreement with a private, third-party regarding a commercial matter" (*id.* at 4:20-21) and contends it should be sealed because confidentiality was "expressly bargained for," and unsealing "will have a chilling effect on future contracts and resolutions" and "is inconsistent with the policy favoring resolution of disputes" (*id.* at 5:3-6).  These are precisely the types of generalized, conclusory assertions district courts in the Ninth Circuit repeatedly reject as insufficient to justify sealing.

For example, in *Scholz-Gross v. Starbucks Corp.*, this Court rejected Starbucks' argument that a "bargained-for confidentiality provision" constitutes a compelling reason for sealing, explaining "District courts have 'roundly rejected' confidentiality provisions as sufficient justification for sealing

---

[1] Local Rule 79-5(f) defines the "Designating Party" as the party *or non-party* who designates the materials as confidential.  Civil L.R. 79-5(f) (emphasis added).  The rule requires that within seven days of the motion's filing, "the *Designating Party* must file a statement and/or declaration" justifying sealing.  Civil L.R. 79-5(f)(3) (emphasis added).  Because Lenovo did not produce the ▓▓ and designate it as confidential, it is not the Designating Party.

[2] The ▓▓▓▓▓▓ is comprised of the following documents, which together constitute a single, integrated agreement: (i) a ▓▓▓▓▓▓; (ii) an email from Lenovo's counsel ▓▓▓▓▓▓; (iii) a ▓▓▓▓▓▓; and (iv) a ▓▓▓▓▓▓.  (*See* Dkt. No. 381-5, Comp. of Evid., Vol. 1, Exs. 21-24.)

requests." No. 19-cv-632-NC, 2019 U.S. Dist. LEXIS 244174, at *4 (N.D. Cal. Feb. 8, 2019); *see also A Roo Distrib. of Cal., LLC v. Switzer*, 2017 U.S. Dist. LEXIS 193599, at *3 (S.D. Cal. Nov. 22, 2017) ("[D]istrict courts in the Ninth Circuit have held that an agreement 'to make the settlement agreement confidential' is insufficient on its own."). Likewise, in *Select Portfolio Servicing v. Valentino*, the Court explained that an agreement among parties "to keep the settlement details private, without more, is no reason to shield the information from other non-settling parties to the case or the public at large." No. 12-cv-334-SI, 2013 U.S. Dist. LEXIS 60907, at *8-9 (N.D. Cal. Apr. 29, 2013). This Court rejected public policy arguments regarding non-disclosure of settlement agreements, explaining that "the same generic claim can be made about all settlements," and that the parties had not provided "particularized facts – as to these parties, this case, or this particular agreement – to show that any harm might result from disclosure." 2013 U.S. Dist. LEXIS 74051, at *3 (N.D. Cal. May 23, 2013).

Lenovo likewise offers no particularized facts to show specific harm will result from disclosure of the ███████. Its arguments regarding the "chilling effect on future contracts" and the "policy favoring resolution of disputes" rely on the exact same type of reasoning this Court rejected in *Select Portfolio Servicing*. Such "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" do not satisfy the "good cause" standard, let alone the more demanding "compelling reasons" standard applicable here. *See Charles*, 2022 U.S. Dist. LEXIS 118671, at *7.

**D.    References to and the substance of the ███████ are not sealable.**

Lenovo seeks to seal references to and the substance of a ███████. (*See* Sealing Request at 2-3 (seeking to seal Opp. at 3:6-7, 13, Rozenblatt Decl., Ex. 2 at 1-3, Ex. 3 at 3).) Lenovo claims the ███ is proprietary and a trade secret. (*Id.* at 2:10-12, 5:9-20, 26, 6:17-18.) It is not.

The ███████ is not an internally developed competitive strategy. *See Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."). It is a ████████████████████████████████████████████. (*See* Dkt. No. 381-5, Comp. of Evid., Vol. 1, Ex. 22, ███████, ¶ 3.2 and Exhibit A

(obligating Lenovo to implement the ███████████).)

The ████████████ is no different from the prospective relief Lenovo agreed to in the earlier *Ponce* class action settlement, where it agreed to constraints on its ability to display reference prices. (*See id.*, Ex. 4, *Ponce* Class Action Settlement Agreement, ¶ 11 ("Prospective Relief").) Lenovo has never contended those obligations are proprietary or trade secrets—nor could it. ████████████ restrictions on Lenovo's ability to advertise reference prices are not competitively sensitive strategies. Treating the prospective relief in the *Ponce* settlement as public but the ████████████ ████████████ as proprietary and a trade secret is arbitrary and unsupported.

In any event, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1179. Here, Lenovo does not satisfy even the "good cause" standard, which requires "a particularized showing that specific prejudice or harm will result if the information is disclosed." *Charles*, 2022 U.S. Dist. LEXIS 118671, at *7; *see also* Civil L.R. 79-5(c)(1)(ii) (requiring explanation of the injury that will result if sealing is denied). Lenovo does not provide *any* explanation whatsoever as to how it will be harmed if the ████████████ is disclosed.

**E.    Lenovo fails to explain why its Sealing Request is narrowly tailored.**

Local Rule 79-5(c)(1)(iii) requires the sealing proponent to explain "why a less restrictive alternative to sealing is not sufficient." Lenovo does not even attempt to comply with this requirement or explain why narrow redactions would be insufficient. (Sealing Request at 5:21-26.) For example, Lenovo seeks to seal not only the substance of its ████████████ and the ████████████, but all references thereto. Lenovo provides no explanation why mere reference to these materials would "reveal[] the details of a confidential agreement between Lenovo and a private third-party, as well as contextual information regarding the agreement, and Lenovo's confidential pricing strategies and trade secrets." (*Id.*) Lenovo's conclusory assertion that its request is narrowly tailored is unsupported and insufficient to satisfy Local Rule 79-5.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court deny Lenovo's request to seal references to the ████████████, the ████████████, and the ████████████.

Dated:  April 27, 2026

EDGE, A PROFESSIONAL LAW
CORPORATION

By:   /s/ Daniel A. Rozenblatt
      Daniel A. Rozenblatt

      CAPSTONE LAW APC
      Cody R. Padgett
      Shahin Rezvani
      Majdi Y. Hijazin

      *Attorneys for Plaintiffs and the Certified Classes*

Case No. 4:21-cv-06770-JSW-RMI

PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. NO. 396)