EDGE, A PROFESSIONAL LAW CORPORATION
Daniel A. Rozenblatt (SBN 336058)
daniel.rozenblatt@edge.law
981 Mission Street 20
San Francisco, California 94103
Telephone: (415) 515-4809

CAPSTONE LAW APC
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Shahin Rezvani (SBN 199614)
Shahin.Rezvani@capstonelawyers.com
Majdi Y. Hijazin (pro hac vice)
Majdi.Hijazin@capstonelawyers.com
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiffs and the Certified Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>    Defendant. | Case No. 4:21-cv-06770-JSW-RMI<br>*Assigned to the Hon. Jeffrey S. White*<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. 405)**<br><br><br>Action Filed:  Aug. 31, 2021<br>FAC Filed:    Jan. 25, 2022<br>Trial Date:    None set |

Case No. 4:21-cv-06770-JSW-RMI

PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. 405)

Pursuant to Local Rule 79-5(f)(4), Plaintiffs hereby submit their response in opposition to Lenovo's statement in support of sealing ("Sealing Request") (dkt. 405).[1]

The *information* Lenovo seeks to seal falls into three categories: (1) *references* to an agreement that would reveal its existence and purpose; (2) *references* to documents prepared and produced by non-party Hattis & Lukacs that would reveal their existence; and (3) the *identity* of a person with whom Lenovo communicated via email.  Lenovo fails to provide good cause, let alone compelling reasons for sealing this information.  The information does not constitute "competitive business operations information," or "financial and/or strategic information," nor does Lenovo explain why its disclosure would harm its "competitive standing."  *Id.* at 4:21-22, 6:3-6, 13-16.  Instead, Lenovo relies on broad allegations of harm, unsubstantiated by any articulated reasoning, which is insufficient in the Ninth Circuit and under this Court's rules.  *See id.* at 5:1-9, 6:11-16.  Lenovo's repeated attempt to seal this information without providing good cause, let alone a compelling reason, should be rejected.  *See* Sealing Reqs. (dkts. 384, 396).

I.     **LEGAL STANDARD**

"Courts generally apply a 'compelling reasons' standard when considering motions to seal documents."  *Charles v. Target Corp.*, No. 20-cv-7854-HSG, 2022 U.S. Dist. LEXIS 118671, at *5 (N.D. Cal. July 6, 2022) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'"  *Charles*, 2022 U.S. Dist. LEXIS 118671, at *5-6 (quoting *Kamakana*, 447 F.3d at 1178-79).  "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

---

[1] In its statement in support of sealing, Lenovo argues the merits of Plaintiffs' spoliation motion.  *See* Sealing Req. (dkt. 405) at 2:13-25.  Those arguments are misplaced, and Plaintiffs do not address them here. (Lenovo attempts to justify addressing the merits of Plaintiffs' spoliation motion by asserting that "Plaintiffs' objections to sealing also incorporate arguments concerning their Spoliation Motion."  *Id.* at 2:13–14.  That assertion is incorrect, and Lenovo provides no citation to support it.)

-1-                                    Case No. 4:21-cv-06770-JSW-RMI

*Kamakana*, 447 F.3d at 1179.  The sealing proponent "bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails." *Id.* at 1182.

"Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file [materials] under seal must explain '(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.'" *Charles*, 2022 U.S. Dist. LEXIS 118671, at *6-7.

II.    **ARGUMENT**

  A.    **The "compelling reasons" standard applies.**

Whether the "presumptive 'compelling reasons' standard or the 'good cause' exception" applies turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097-98 (9th Cir. 2016). Here, the materials are critical to Plaintiffs' motion for sanctions against Lenovo for spoliation of pricing data—evidence that "goes to the very heart of this case." Spoliation Mot. (dkt. 380) at 22. Thus, the spoliation at issue and relief Plaintiffs seek easily surpass the "tangential relevance threshold" set forth by the Ninth Circuit. *See Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1211 (S.D. Cal. 2023) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096-98).

Lenovo does not dispute the "compelling reasons" standard applies. *See generally* Sealing Req. (dkt. 405). Instead, it argues there is both "good cause" and "compelling reasons" for sealing. *Id.* at 2:7-9. Even if the "good cause" standard applied, Lenovo still fails to meet it. The Ninth Circuit makes clear that even under the lower "good cause" standard, a "particularized showing" is required. *Kamakana*, 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Lenovo makes no such particularized showing here, relying instead on conclusory assertions of harm that are insufficient under both standards. As discussed below, Lenovo fails to identify any specific, concrete harm from disclosure, and its sealing request therefore cannot overcome the strong presumption of public access.

  B.    *References* **that reveal the purpose of a confidential agreement are not sealable.**

Lenovo seeks to seal *references* to an agreement that would reveal its *existence* and *purpose*.

PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. 405)

*See* Sealing Req. (dkt. 405) at 3:16-18 (requesting to seal Plaintiffs' Resp. (dkt. 393) at 3:20, 22, 26-28; 4:19, 25, 28; 5:1, as redacted).[2]  Lenovo provides no authority whatsoever for sealing such references.  Instead, Lenovo attempts to frame the agreement as a source of proprietary business information relating to its operations that might harm its competitive standing.  *Id.* at 4:21-25,  6:3-10.  It is no such thing.

Lenovo relies on *Charles v. Portfolio Recovery Assoc., LLC* to argue the agreement contains "privately negotiated deal points."  *Id.* at 6:7-10 (citing 654 F. Supp. 3d 1153 (D. Or. 2023)).  But that case involved an "Asset Sale Agreement" governing the defendant's purchase of accounts from U.S. Bank, which detailed how the accounts were selected and purchased, repurchase terms, warranties, operational handling, etc.  *Id.* at 1157.  Unlike the agreement at issue here, that agreement was integral to the defendant's business, and its disclosure "could allow defendant's competitors to undercut defendant in the marketplace."  *Id.*  By contrast, Lenovo offers no explanation for how its agreement is similarly integral to its business or how its disclosure could cause it competitive harm.

Furthermore, the Court in *Portfolio Recovery Assoc.* found "the vast majority of the terms of the Asset Sale Agreement had no bearing on the court's analysis of defendant's motion to compel arbitration."  *Id.* at 1158.  As a result, the public's interest in disclosure was limited and did not outweigh the competitive harms of disclosure.  *Id.*  Here, by contrast, the agreement Lenovo seeks to seal is central to Plaintiffs' spoliation motion, which concerns data that "goes to the very heart of this case."  *See* Spoliation Mot. (dkt. 380) at 22:3.  Because Lenovo identifies no comparable competitive harm, the presumption of public access prevails.

Lenovo's generalized argument regarding the agreement's "bargained-for confidentiality provision" is the type of argument district courts in this Circuit routinely reject as insufficient to justify sealing.  *See Scholz-Gross v. Starbucks Corp.*, No. 19-cv-632-NC, 2019 U.S. Dist. LEXIS 244174, at *4 (N.D. Cal. Feb. 8, 2019) ("District courts have 'roundly rejected' confidentiality provisions as sufficient justification for sealing requests."); *A Roo Distrib. of Cal., LLC v. Switzer*, 2017 U.S. Dist. LEXIS 193599, at *3 (S.D. Cal. Nov. 22, 2017) ("[D]istrict courts in the Ninth Circuit have held that an agreement 'to make the settlement agreement confidential' is insufficient

---

[2] The unredacted version is filed at dkt. 394-2.

PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. 405)

on its own."). As with prior sealing requests, "Lenovo likewise offers no particularized facts showing specific prejudice or harm that will result from disclosure of the [agreement]." *See* Pls.' Opp. to Sealing (dkt. 394-2) at 3:22-4:24 (refuting the exact same arguments Lenovo previously made for sealing the agreement at issue); Pls.' Opp. to Sealing (dkt. 402-2) at 3:11-4:17 (same).

Finally, Lenovo seeks not only to seal the agreement's terms, but any reference to "the existence and contents of the confidential agreement." Sealing Req. (dkt. 405) at 6:13-16. No authority supports such sweeping secrecy. Even in *Portfolio Recovery Assoc.* (the case on which Lenovo relies), the district court did not permit the parties to obscure the agreement's existence, the identities of the parties, or its general purpose and contents; those basic facts remained part of the public record. Lenovo cites no case allowing a party to erase all reference to an agreement altogether, and its request goes far beyond the limited sealing recognized in the case law.

**C.      Mere *references* to documents prepared and produced by non-party Hattis & Lukacs are not sealable.**

Lenovo seeks to seal *references* to documents prepared by non-party Hattis & Lukacs. *See* Sealing Req. (dkt. 405) at 3:19-21 (requesting to seal the Rozenblatt Declaration (dkt. 393-1) at 1:16, 20, 24, 27, 2:3, 7-8, as redacted in Ex. A to the Meyer Declaration (dkt. 405-2)).[3] Those documents were produced by Hattis & Lukacs in response to the Court's order compelling their production. *See* Order compelling compliance with Rule 45 subpoena (dkt. 343). Lenovo provides no authority whatsoever for sealing mere references to certain documents produced by Hattis & Lukacs. Moreover, Lenovo fails to articulate any compelling reasons to overcome the presumption of public access, nor does it provide any specific harm that would result in disclosure of the *existence* of those documents. *See Beckman Indus.,* 966 F.2d at 476 (even under the lower "good cause" standard, broad allegations of harm, unsubstantiated by specific examples of articulated reasoning are insufficient); *see also* Civil L.R. 79-5 (requiring an explanation of the injury that will result if sealing is denied and why a less restrictive alternative to sealing is not sufficient).

Furthermore, as Plaintiffs explained previously, Lenovo does not have standing to seek sealing of documents it did not produce or designate as confidential. *See* Pls.' Opp. to Sealing (dkt.

---

[3] The unredacted version is filed at dkt. 394-3.

394-2) at 2:11-3:9 (this Court already ruled that Lenovo failed to "establish standing by claiming a personal right or privilege" over the documents produced by Hattis & Lukacs, and only the "Designating Party" is permitted to seek sealing under Rule 79-5).

Lastly, the reference to the document on page 1, line 16 of the Rozenblatt Declaration (dkt. 393-1) is not sealable.  As Plaintiffs explained previously, that document was prepared by Hattis & Lukacs, was not designated as confidential, and has already been publicly disclosed in prior filings without objection from Lenovo.  *See* Pls.' Opp. to Sealing (dkt. 402-) at 3:3-9; *see also Epic Games v. Apple Inc.*, No. 20-cv-5640-YGR, 2021 U.S. Dist. LEXIS 90894, at *8 (N.D. Cal. May 12, 2021) (denying sealing of information already publicly disclosed).

**D.      The identity of a person with whom Lenovo's counsel communicated is not sealable.**

Lenovo seeks to seal the identity of a person with whom its counsel communicated.  *See* Sealing Req. (dkt. 405) at 3:19-21 (requesting to seal the Rozenblatt Declaration (dkt. 393-1) at 1:18, 22, 25, 2:1, 5, as redacted in Ex. A to the Meyer Declaration (dkt. 405-2)).  Again, Lenovo provides no authority whatsoever for sealing the identity of a person with whom Lenovo communicated via email, fails to articulate any compelling reason to overcome the presumption of public access, and identifies no specific harm that would result from disclosure of that person's identity.

**E.      Lenovo fails to explain why its sealing request is narrowly tailored.**

Local Rule 79-5(c)(1)(iii) requires the sealing proponent to explain "why a less restrictive alternative to sealing is not sufficient."  Lenovo does not even attempt to comply with this requirement or explain why narrow redactions would be insufficient.  *See* Sealing Req. (dkt. 405) at 5:17-22. Lenovo provides no explanation as to why the information it seeks to seal is "truly sensitive" or how revealing mere references to documents or the identity of a person with whom it communicated would "reveal[] the details of a confidential agreement."  It is clear Lenovo is merely attempting to keep this information secret.  But "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana*, 447 F.3d at 1178.

**III.   CONCLUSION**

Plaintiffs respectfully request the Court deny Lenovo's request to seal references to the agreement, documents, and the identity of a person with whom its counsel communicated.

Dated:  May 4, 2026

EDGE, A PROFESSIONAL LAW
CORPORATION

By:    /s/ Daniel A. Rozenblatt
Daniel A. Rozenblatt

CAPSTONE LAW APC
Cody R. Padgett
Shahin Rezvani
Majdi Y. Hijazin

*Attorneys for Plaintiffs and the Certified Classes*

PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. 405)