EDGE, A PROFESSIONAL LAW CORPORATION
Daniel A. Rozenblatt (SBN 336058)
daniel.rozenblatt@edge.law
981 Mission Street 20
San Francisco, California 94103
Telephone: (415) 515-4809

CAPSTONE LAW APC
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Shahin Rezvani (SBN 199614)
Shahin.Rezvani@capstonelawyers.com
Majdi Y. Hijazin (pro hac vice)
Majdi.Hijazin@capstonelawyers.com
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiffs and the Certified Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ANDREW AXELROD and ELIOT BURK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LENOVO (UNITED STATES) INC., a Delaware corporation,<br><br>        Defendant. | Case No. 4:21-cv-06770-JSW-RMI<br>*Assigned to the Hon. Jeffrey S. White*<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. NO. 406)**<br><br><br>Action Filed:    Aug. 31, 2021<br>FAC Filed:    Jan. 25, 2022<br>Trial Date:    None set |

Pursuant to Local Rule 79-5(f)(4), Plaintiffs hereby submit their response in opposition to Lenovo's statement (Dkt. No. 406 ("Sealing Request")) in support of sealing portions of Plaintiffs' prior response in opposition to sealing (Dkt. No. 401 ("Pls.' Resp.")) and the proposed order filed concurrently therewith (Dkt. No. 401-1 ("Proposed Order")).  Lenovo has not met its burden of showing compelling reasons—or even good cause—for sealing.  Despite multiple opportunities to justify its request (*see* Dkt. Nos. 384, 396, 405, 406), Lenovo still fails to articulate any specific harm that would result from disclosure.  Lenovo's Sealing Request should be denied.

## I.      LEGAL STANDARD

"Courts generally apply a 'compelling reasons' standard when considering motions to seal documents."  *Charles v. Target Corp.*, No. 20-cv-7854-HSG, 2022 U.S. Dist. LEXIS 118671, at *5 (N.D. Cal. July 6, 2022) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'"  *Charles*, 2022 U.S. Dist. LEXIS 118671, at *5-6 (quoting *Kamakana*, 447 F.3d at 1178-79).  "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Kamakana*, 447 F.3d at 1179.  The sealing proponent "bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails."  *Id.* at 1182.

"Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file [materials] under seal must explain '(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.'"  *Charles*, 2022 U.S. Dist. LEXIS 118671, at *6-7.

## II.     ARGUMENT

### A.      The "compelling reasons" standard applies.

Whether the "presumptive 'compelling reasons' standard or the 'good cause' exception"

-1-                    Case No. 4:21-cv-06770-JSW-RMI

applies turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097-98 (9th Cir. 2016). Here, the information Lenovo seeks to seal is critical to and underlies Plaintiffs' motion for spoliation of pricing data—data that "goes to the very heart of this case." (Dkt. No. 380, Spoliation Mot., at 22.)  These issues bear directly on the merits of the case and thus easily surpass the "tangential relevance threshold" set forth by the Ninth Circuit. *See Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1211 (S.D. Cal. 2023) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096-98).

Lenovo does not dispute the "compelling reasons" standard applies.  *See generally* Sealing Request.  Instead, it argues there is both "good cause" and "compelling reasons" for sealing.  *Id.* at 4:4-5, 6:1-26.  Even if the "good cause" standard applied, Lenovo still fails to meet it.  The Ninth Circuit makes clear that even under the lower "good cause" standard, a "particularized showing" is required. *Kamakana*, 447 F.3d at 1180.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Lenovo makes no such showing, relying instead on conclusory assertions of harm that are insufficient under both standards.

**B.      Lenovo fails to meet its burden of showing good cause or compelling reasons, and fails to articulate *any* specific harm that would result from disclosure.**

The information Lenovo seeks to seal falls into six distinct categories, yet Lenovo groups all of it into a single, undifferentiated category.  (Sealing Request at 3:11-15.)  Lenovo fails to provide good cause, let alone compelling reasons, for sealing any of this information.  Nor does it make any showing of the specific harm that would result from its disclosure. *See Select Portfolio Servicing v. Valentino*, 2013 U.S. Dist. LEXIS 74051, at *3 (N.D. Cal. May 23, 2013) (good cause requires "particularized facts – as to these parties, this case, or this particular agreement – to show that any harm might result from disclosure").  Accordingly, Lenovo's Sealing Request should be denied.

(1)      References to a document prepared by non-party Hattis & Lukacs.

Lenovo seeks to seal *references* to a document prepared and produced by non-party Hattis Lukacs & Corrington ("Hattis & Lukacs").  (Sealing Request, at 3:11-15 (seeking to seal Pls.' Resp. at 2:13, 14, 17, 18, 19, 20, 25, 26, 28, 3:1, 3, 4, 5, 6, 24, 5:8, and Proposed Order at 1:7, 8, 11, 13, 14, 15,

17, 18, 19, 20, 21-22, 22-24).)  Hattis & Lukacs produced the document in response to a Court order compelling its compliance with Plaintiffs' Rule 45 Subpoena.  (*See* Dkt. No. 343, Order on Disc. Ltr. Br.)  Lenovo does not meet its burden to justify sealing mere *references* to the document.

*First*, when Hattis & Lukacs produced the document, it did not designate the document as confidential.  (*See* Dkt. No. 380-3, Comp. of Evid., Vol. 1, Ex. 8.)  *Second*, Lenovo makes no showing whatsoever as to how it would suffer harm from disclosure.  *Third,* Lenovo's characterization of the document as "discussions of, descriptions of, and conclusions from a confidential agreement" and "[d]iscussions of, and references to information, which show / reflect Lenovo's confidential pricing strategies," is inaccurate.  (Sealing Request at 3:11-15.)  The document was prepared before any such discussions occurred and does not concern Lenovo's confidential pricing strategies.  Because Lenovo's stated basis for sealing the document is inapplicable, any purported justification likewise fails.  *Fourth*, Lenovo lacks standing to seal a document it neither prepared nor produced.  *Fifth*, although Lenovo withheld the document on attorney-client privilege grounds (*see* Dkt. No. 278, at 3), it fails to justify its privilege assertion.  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1179.  *Finally*, the document's existence has already been disclosed in prior filings without objection from Lenovo (*see id.*).  *Epic Games v. Apple Inc.*, 2021 U.S. Dist. LEXIS 90894, at *8 (N.D. Cal. May 12, 2021) (denying sealing of information already publicly disclosed).

(2)     A description of a document prepared and produced by Hattis & Lukacs.

Lenovo seeks to seal a general description of the contents of the document prepared and produced by Hattis & Lukacs, and not designated as confidential.  (Sealing Request at 3:11-15 (seeking to seal Pls.' Resp. at 4:8).)  Lenovo does not meet its burden to justify sealing a general description of the contents of the document.  *First*, the contents of the document were prepared by, produced by, and *not* designated as confidential by Hattis & Lukacs.  (*See* Dkt. No. 380-3, Comp. of Evid., Vol. 1, Ex. 8.)  *Second*, Lenovo makes no showing whatsoever as to how it would suffer any harm from its disclosure.  *Third,* Lenovo's characterization of the information it seeks to seal is not accurate.  *Fourth*, Lenovo lacks standing to seal the contents of a document it neither prepared nor produced.  *Fifth*, Lenovo provides no basis for asserting privilege.  *Finally*, the contents of the

document have already been disclosed in prior filings without objection from Lenovo.  (*Id.*)

(3)    A description of this Court's holding in a prior case.

Lenovo seeks to seal two words describing this Court's holding in a prior case, *Select Portfolio*.  (Sealing Request at 3:11-15 (seeking to seal Pls.' Resp. at 2:19).)  But those two words already appear in the case itself (*see id.* at *3) and in Lenovo's own proposed redacted version of the document it seeks to seal.  (*See* Dkt. No. 406-2, Meyer Decl., Ex. A, at 4.)  The same two words were used verbatim to describe *Select Portfolio* in prior filings without objection from Lenovo.  (*See* Dkt. No. 393, Pls.' Resp. to Lenovo's Stmt. in Support of Sealing, at 4.)  And Lenovo uses synonymous language in its own arguments.  (*See* Dkt. No. 384 ("The inability to maintain as confidential the contents of and references to this agreement when they have expressly bargained for and agreed to will have a chilling effect on future contracts and resolutions of disputes.").)  Lenovo fails to articulate any reason for sealing those two words or any harm it will suffer from their disclosure.

(4)    References to an agreement that reveal its existence and purpose.

Lenovo seeks to seal references to an agreement that reveal its existence and purpose.  (*See* Sealing Request, at 3:11-15 (seeking to seal Pls.' Resp. at 3:10, 11, 13, 25-27, 4:13, 28, 5:5, 7-8, 20, 28, Proposed Order at 2:2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15-16, 17, 18, 19-20, 21-22, 23, 24, 25, 26, 27, 3:2).)  Although Lenovo did not produce the agreement or designate it as confidential, Lenovo contends references to the agreement should be sealed because the agreement has a confidentiality clause that was "expressly bargained for" and because unsealing "will have a chilling effect on future contracts and resolutions" and "is inconsistent with the policy favoring resolution."  Sealing Request at 4:22-5:5.  These are precisely the kinds of generalized, conclusory assertions district courts in this Circuit repeatedly reject as insufficient to justify sealing.  As Plaintiffs previously explained (*see* Dkt. Nos. 393, 396), "[d]istrict courts have 'roundly rejected' confidentiality provisions as sufficient justification for sealing requests."  *Scholz-Gross v. Starbucks Corp.*, No. 19-cv-632-NC, 2019 U.S. Dist. LEXIS 244174, at *4 (N.D. Cal. Feb. 8, 2019); *see also A Roo Distrib. of Cal., LLC v. Switzer*, 2017 U.S. Dist. LEXIS 193599, at *3 (S.D. Cal. Nov. 22, 2017) ("[D]istrict courts in the Ninth Circuit have held that an agreement 'to make the settlement agreement confidential' is insufficient on its own."); *Select Portfolio*, 2013 U.S. Dist. LEXIS 74051, at *3-4 (rejecting generalized statement

where "the same generic claim can be made about all settlements"). Yet, despite numerous opportunities to provide particularized facts showing the harm that would result from disclosure (*see* Dkt. Nos. 384, 396, 405, 406), Lenovo has failed to do so.

(5)    Descriptions of non-privileged communications.

Lenovo seeks to seal descriptions of non-privileged communications between its counsel and a third party. (*See* Sealing Request, at 3:11-15 (seeking to seal Pls.' Resp. at 3:27, 28).) As above, Lenovo did not produce the communications or designate them as confidential—Hattis & Lukacs did. Lenovo nevertheless contends descriptions of the communications should be sealed because they describe a confidential agreement. But as explained above, district courts routinely reject confidentiality provisions alone as a basis for sealing, and Lenovo offers nothing more here. Lenovo does not explain how disclosure of these particular communications would cause any specific harm.

(6)    References to a pricing practice.

Lenovo seeks to seal references to a pricing practice. (Sealing Request, at 3:11-15 (seeking to seal Pls.' Resp. at 4:18, 19, 21, 22, 26-27, 5:1, 15, 20, 28, Proposed Order at 2:20, 3:1, 4, 5, 6-7, 8, 9-10, 10-11, 12, 13-14, 15, 16)). Lenovo provides no explanation as to why mere references to this practice would cause it competitive harm, nor does Lenovo explain how the pricing practice itself even constitutes a competitive "pricing strategy." *See Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (defining trade secret). That omission is fatal: generalized labels such as "pricing strategy" cannot justify sealing absent a particularized showing that disclosure would reveal competitively sensitive information and cause specific harm. The record indicates the "pricing strategy" Lenovo seeks to seal is not actually a strategy, nor is it used by Lenovo to gain a competitive advantage. (*See, e.g.*, Dkt. No. 381-5, Comp. of Evid., Vol. 1, Ex. 28.)

**C.    Lenovo's Sealing Request is not narrowly tailored.**

Lenovo's sealing request is not narrowly tailored because it places all the requested redactions into a single category without explaining why any specific redaction warrants sealing or would cause harm if the underlying text were disclosed.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court deny the Sealing Request.

Dated:  May 8, 2026

EDGE, A PROFESSIONAL LAW
CORPORATION

By:    /s/ Daniel A. Rozenblatt
        Daniel A. Rozenblatt

CAPSTONE LAW APC
Cody R. Padgett
Shahin Rezvani
Majdi Y. Hijazin

*Attorneys for Plaintiffs and the Certified Classes*

PLAINTIFFS' RESPONSE IN OPPOSITION TO LENOVO'S STATEMENT IN SUPPORT OF SEALING (DKT. NO. 406)