UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AXELROD, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>        Defendant. | Case No. 21-cv-06770-JSW<br><br>**ORDER DENYNING PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR SANCTIONS FOR ONGOING DISCOVERY MISCONDUCT**<br><br>Re: Dkt. Nos. 427, 428-2 |

United States District Court
Northern District of California

This matter comes before the Court upon consideration of Plaintiffs' motion for leave to file a motion for sanctions against Defendant based on alleged ongoing misconduct in discovery. Defendant opposes the motion.[1]  Plaintiff timely filed a reply as directed by the Court.  The Court has considered those briefs, relevant legal authority, and the record in this case.

Pursuant to the operative Scheduling Order, the deadline to complete fact discovery was November 14, 2025, and the deadline to file discovery related motions was November 21, 2025. N.D. Civ. L.R. 37-3.  Federal Rule of Civil Procedure 16 requires "good cause" and the consent of the Court to amend a scheduling order.  Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party was not diligent, "the inquiry should end." *Id*.

Plaintiffs move to file a motion for sanctions for alleged discovery misconduct involving data on Defendant's historical pricing and the burden associated with producing that data.  It is undisputed that Defendant produced a sample of this data in the form of Microsoft Excel

---

[1]    Defendant argues it has not engaged in any misconduct, which is beyond the scope of Plaintiffs' administrative motion.

United States District Court
Northern District of California

spreadsheets.  Plaintiffs contend that Defendant concealed the fact that this information could have been produced easily from two systems, Hybris and Flash.

Plaintiffs raised this argument in their pending motion for sanctions.  (*See, e.g.,* Dkt. No. 435-2, Reply at 1:17-21 (citing Motion for Sanctions at 13:16-28).)  Plaintiffs argue that the testimony from Defendant's Rule 30(b)(6) witnesses exposed Defendant's alleged misrepresentations about the burden associated with producing the pricing data.  By November 12, 2025, Plaintiffs had testimony they stated "confirm[ed] Lenovo repeatedly misrepresented the availability and burden of producing pricing and sales data for the Class Products[.]"  (Dkt. No. 431-1, Declaration of Abby Meyer, ¶ 3 (quoting email dated Nov. 14, 2025).)

Two weeks after taking those depositions Plaintiffs started a search for an expert on the databases to prove Defendant's representations about the burden of producing pricing data were false.  That search did not bear fruit until June 8, 2026.  (*Id.* ¶ 9.)  Although Plaintiffs may not have been able to prove Lenovo's representations were false until they obtained an expert, the Court is not convinced they acted with diligence in seeking to file a second and separate motion for sanctions based on ongoing discovery misconduct.  These issues were teed up by their spoliation motion, which was filed in April when Plaintiffs were actively searching for an expert.

Accordingly, the Court DENIES Plaintiff's administrative motion to amend the Scheduling Order for purposes of filing a new motion for sanctions.  Magistrate Judge Illman is considering whether Plaintiffs' spoliation motion is timely, and the Court expresses no opinion on that issue. If Judge Illman determines Plaintiffs' spoliation motion is timely and requires additional briefing on that motion, this ruling is without prejudice to Plaintiffs' raising these arguments to support a specific request for sanctions.

**IT IS SO ORDERED**.

Dated:  July 9, 2026

_____
JEFFREY S. WHITE
United States District Judge

2