SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppard.com
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
baigboboh@sheppard.com
CHLOE G. CHUNG, Cal. Bar No. 341398
cchung@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

SHEPPARD MULLIN RICHTER & HAMPTON LLP
ABBY H. MEYER, Cal. Bar No. 294947
ameyer@sheppard.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

*Attorneys for Defendant*
LENOVO (UNITED STATES) INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

ANDREW AXELROD and ELIOT BURK, individually and on behalf all others similarly situated,

Plaintiffs,

v.

LENOVO (UNITED STATES) INC., a Delaware corporation,

Defendant.

Case No. 4:21-cv-06770-JSW-RMI

[*Assigned to the Hon. Jeffrey S. White*]

**ORDER GRANTING JOINT EMERGENCY *EX PARTE* MOTION FOR OSC RE CONTEMPT AND TRO AND SETTING HEARING ON AUGUST 14, 2026**

Complaint Filed: August 31, 2021
FAC Filed: January 25, 2022
Trial Date: None Set

The Court, having reviewed Defendant Lenovo (United States) Inc.'s ("Lenovo") and Plaintiffs Andrew Axelrod and Eliot Burk ("Plaintiffs") Joint Emergency *Ex Parte* Motion for OSC Re Contempt and TRO (the "Application"), the Declaration of Craig Cardon and exhibits thereto filed in support thereof, the complete record in this action. Lenovo has demonstrated that a no notice TRO is appropriate because it has demonstrated there is good caused to believe it would suffer immediate and irreparable damage in the form of disclosure of confidential information if notice was provided before this TRO issued. Accordingly, the Court ORDERS as follows:

**PART ONE: TEMPORARY RESTRAINING ORDER**

**IT IS HEREBY ORDERED** that, pending the hearing on the Order to Show Cause set forth in Part Two of this Order, Mohammed Waqqad, residing at 562 Clifton Ave, Apt 2, Clifton, NJ 07011, and all persons acting in active concert or participation with him who receive actual notice of this Order, are immediately RESTRAINED AND ENJOINED from:

1. Selling, transferring, conveying, licensing, pledging, hypothecating, or otherwise disposing of, in whole or in part, any materials produced by Lenovo in this action that were designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order entered in this action on May 30, 2023 (the "Protective Order"), or any copies, summaries, extracts, analyses, or derivatives thereof, in any form or medium, whether electronic, physical, or otherwise (collectively, "Lenovo's Protected Materials");
2. Disclosing, publishing, disseminating, communicating, or transmitting any of Lenovo's Protected Materials, or the substance or contents thereof, to any person or entity not authorized to receive such materials under the Protective Order;
3. Using any of Lenovo's Protected Materials, or the information contained therein, for any purpose other than as may be specifically authorized by further order of this Court; and
4. Destroying, altering, concealing, or otherwise disposing of any of Lenovo's Protected Materials or any records reflecting the identity of persons or entities to whom any of Lenovo's Protected Materials have been disclosed, transferred, or provided, pending further order of this Court.

**PART TWO: MANDATORY DISCLOSURE AND CERTIFICATION**

**IT IS FURTHER ORDERED** that, no later than **August 13, 2026 at 10:00 a.m.**, Mohammed Waqqad shall submit to this Court a sworn declaration, signed under penalty of perjury, that includes each of the following:

1. Status of Materials. A statement identifying each and every device, account, storage medium, cloud service, or other location, whether physical or electronic, in which any of Lenovo's Protected Materials are currently stored, maintained, or accessible by Mr. Waqqad or any person acting at his direction;
2. Prior Disclosures. The identity of each and every person or entity to whom Mr. Waqqad has disclosed, transferred, provided access to, sold, or transmitted any of Lenovo's Protected Materials at any time, including the date of each such disclosure or transfer, the nature and description of the materials disclosed or transferred, and the means by which the disclosure or transfer was made;
3. Confirmation of No Further Disclosure. A statement confirming that, since the time of service of this Order, Mr. Waqqad has not disclosed, transferred, sold, or transmitted any of Lenovo's Protected Materials to any person or entity; and
4. Compliance with Restraints. A statement confirming Mr. Waqqad's understanding of and compliance with the restraints imposed by Part One of this Order.

**IT IS FURTHER ORDERED** that Mr. Waqqad shall not destroy, delete, alter, or otherwise dispose of any of Lenovo's Protected Materials until further order of this Court, notwithstanding any prior representation that he intended to do so, so that the Court may supervise and verify any deletion or destruction of such materials.

**PART THREE: ORDER TO SHOW CAUSE RE CONTEMPT**

**IT IS FURTHER ORDERED** that Mohammed Waqqad and the parties shall appear before this Court **via Zoom webinar** on **August 14, 2026** at 9:00 a.m. in Courtroom 5, located at 1301 Clay Street, Oakland, California, to show cause, if any he has, why he should not be held in contempt of this Court for:

1. His threatened violation of the Protective Order, specifically his expressed intention to sell or otherwise transfer Lenovo's Protected Materials to a third party for personal financial gain in

violation of the use and disclosure restrictions of the Protective Order;

2. His false representation to Plaintiffs' counsel, made approximately two months prior to the date of this Order, that he had deleted all of Lenovo's Protected Materials, when in fact he had not done so; and

3. Any further violations of the Protective Order or of this Order that may come to the attention of the Court prior to or at the time of the OSC hearing.

**IT IS FURTHER ORDERED** that opposition papers, if any, shall be filed and served by Mohammed Waqqad no later than **August 13, 2026 at 10:00 a.m.** Lenovo and/or Plaintiffs may file a reply no later than **August 13, 2026 at 5:00 p.m.**

**PART FOUR: SERVICE**

**IT IS FURTHER ORDERED** that Lenovo and Plaintiffs shall each promptly serve Mohammed Waqqad with a copy of this Order, the Application, and all supporting papers by the following means, any one of which shall constitute sufficient service for purposes of this Order:

1. Email to: mohammed1216waqqad@gmail.com;
2. Personal service at: 562 Clifton Ave, Apt 2, Clifton, NJ 07011; or
3. Such other means as may be reasonably calculated to provide actual notice to Mr. Waqqad.

**PART FIVE: BOND**

**IT IS FURTHER ORDERED** that Lenovo and Plaintiffs are not required to post a bond for the reasons stated in the Application, the Court finding that the risk of wrongful restraint is negligible given the clear violation and threatened violation of a court order at issue.

**PART SIX: RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction over Mohammed Waqqad for all purposes related to the enforcement of the Protective Order, this Order, and any subsequent order arising from the Order to Show Cause proceedings, by virtue of Mr. Waqqad's execution of a written acknowledgment agreeing to be bound by the Protective Order as a condition of receiving Lenovo's Protected Materials.

**PART SEVEN: FURTHER RELIEF**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect pending

the OSC hearing set forth in Part Three, or until further order of this Court. Nothing in this Order shall preclude Lenovo or Plaintiffs from seeking additional or supplemental relief from this Court as circumstances warrant.

**IT IS SO ORDERED.**

Dated: August 10, 2026 at 9:08 a.m.

JEFFREY S. WHITE
United States District Judge