United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW AXELROD, et al.,

Plaintiffs,

v.

LENOVO (UNITED STATES) INC.,

Defendant.

Case No. 21-cv-06770-JSW

**ORDER GRANTING INJUNCTION RE ALLEGED VIOLATIONS OF PROTECTIVE ORDER AND SETTING STATUS HEARING**

Re: Dkt. Nos. 455, 467

On August 10, 2026, the Court granted the parties' joint motion for a temporary restraining order ("TRO") against Mohammad Waqqad regarding his alleged violations of the Protective Order entered in this matter. (Dkt. 455.) On August 14, 2026, the Court held a hearing on the parties' request. Mr. Waqqad did not appear, and the Court extended the TRO and set a further hearing for September 4, 2026, to consider whether Mr. Waqqad should be held in contempt of the Protective Order.

The parties appeared on September 4, 2026. Mr. Waqqad did not appear. The Court concludes the parties have shown that the injunction should be made permanent as there is a continued threat that Lenovo's confidential information may be misused. However, at this stage the record does not show clear and convincing evidence that Mr. Waqqad has disclosed or used the information he received in violation of the terms of the Protective Order.

Accordingly, it is HEREBY ORDERED:

**PART ONE: PERMANENT INJUNCTION**:

Mohammed Waqqad, Badreddine Meghirbi, and all persons acting in active concert or participation with Mr. Waqqad by for instance reviewing, copying, accessing, selling, or buying Lenovo's confidential records, who receive actual notice of this Order, are immediately,

United States District Court
Northern District of California

permanently RESTRAINED AND ENJOINED from

1. Selling, transferring, conveying, licensing, pledging, or hypothecating, any materials produced by Lenovo in this action that were designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order entered in this action on May 30, 2023 [Dkt. 54] (the "Protective Order"), or any copies, summaries, extracts, analyses, or derivatives thereof, in any form or medium, whether electronic, physical, or otherwise (collectively, "Lenovo's Protected Materials") and from or otherwise disposing of, in whole or in part Lenovo's Protected Materials except in strict conformance with Part Four of this Order (Destruction of Lenovo's Protected Materials");

2. Disclosing, publishing, disseminating, communicating, or transmitting any of Lenovo's Protected Materials, or the substance or contents thereof, to any person or entity not authorized to receive such materials under the Protective Order;

3. Using any of Lenovo's Protected Materials, or the information contained therein, for any purpose other than as may be specifically authorized by further order of this Court; and

4. Destroying, altering, concealing, or otherwise disposing of any of Lenovo's Protected Materials or any records reflecting the identity of persons or entities to whom any of Lenovo's Protected Materials have been disclosed, transferred, or provided, except in strict conformance with Part Four of this Order.

**PART TWO: DEPOSITION OF MR. WAQQAD**

IT IS FURTHER ORDERED that, Mr. Waqqad shall appear for deposition by October 5, 2026, or such reasonable time thereafter as the parties and Mr. Waqqad agree. This deposition will cover, inter alia, the extent of Mr. Waqqad's alleged violations of the Protective Order and TRO, and any remediation taken by Mr. Waqqad.

**PART THREE: MANDATORY DISCLOSURE AND CERTIFICATION**

IT IS FURTHER ORDERED that, no later than October 5, 2026, Mr. Waqqad shall submit to this Court a sworn declaration, signed under penalty of perjury, that includes each of the following:

1. <u>Status of Materials</u>. A statement identifying each and every device, account,

storage medium, cloud service, or other location, whether physical or electronic, in which any of Lenovo's Protected Materials are currently stored, maintained, or accessible by Mr. Waqqad or any person acting at his direction;

2. Prior Disclosures. The identity of each and every person or entity to whom Mr. Waqqad has disclosed, transferred, provided access to, sold, or transmitted any of Lenovo's Protected Materials at any time, including the date of each such disclosure or transfer, the nature and description of the materials disclosed or transferred, and the means by which the disclosure or transfer was made;

3. Confirmation of No Further Disclosure. A statement confirming that, since the time of service of this Order, Mr. Waqqad has not disclosed, transferred, sold, or transmitted any of Lenovo's Protected Materials to any person or entity; and

4. Compliance with Restraints. A statement confirming Mr. Waqqad's understanding of and compliance with the restraints imposed by this Order.

**PART FOUR: DESTRUCTION OF LENOVO'S PROTECTED MATERIALS**

IT IS FURTHER ORDERED that Mr. Waqqad shall fully and finally destroy all copies of Lenovo's Protected Materials taking whatever steps necessary to destroy the materials (in whatever format they may be held, including in digital repositories) such that they are not capable of being restored. Mr. Waqqad shall provide confirmation from an independent third party that all copies of Lenovo's Protected Materials in his possession have been fully and finally destroyed.

**PART FIVE: RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court retains jurisdiction over Mr. Waqqad (and Mr. Meghirbi, as applicable) for all purposes related to the enforcement of the permanent injunction issued herein and any other part of this Order.

The parties shall serve a copy of this Order on Mr. Waqqad (and Mr. Meghirbi as applicable) by the means set forth in the TRO.

The Court advises Mr. Waqqad that failure to appear for deposition or to comply with the terms of this Order may result in the Court holding him in contempt in his absence based on the violations set forth in the TRO and any additional violations that may come to the attention of the



United States District Court
Northern District of California

Court.

The Court further advises Mr. Waqqad that information about proceeding without a lawyer may be found on the Court's website: https://cand.uscourts.gov at the "Representing Yourself" tab.

IT IS FURTHER ORDERED that the parties shall appear for a status hearing on October 30, 2026, at 9:00 a.m. by Zoom webinar. The Court will convert that status conference to a contempt hearing as needed. If a motion for contempt sanctions is not filed, the parties shall file a joint status report by October 23, 2026.

**IT IS SO ORDERED**.

Dated: September 4, 2026

JEFFREY S. WHITE
United States District Judge