United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW AXELROD, et al.,
Plaintiffs,

v.

LENOVO (UNITED STATES) INC.,
Defendant.

Case No. 21-cv-06770-JSW

**ORDER REGARDING OUTSTANDING MOTIONS TO SEAL**

Re: Dkt. Nos. 391, 402, 449, 452, 477, 479

On September 4, 2026, the parties appeared before the Court for a hearing relating to the their request for an injunction on alleged violations of the Protective Order. As part of the briefing, Defendant asked for rulings on outstanding motions to seal. Those motions include the docket numbers referenced in the caption.

On May 26, 2026, the Court denied the motions at docket numbers 391 and 402 without prejudice and stated that the sealed materials would remain conditionally under seal. (Dkt. No. 411.) The Court further ordered "that no later than one week after Judge Illman rules on the motion for sanctions and attendant motions to seal, Plaintiffs and Defendant shall meet and confer and submit a joint motion to seal the briefs and exhibits relating to Defendant's motion to enforce the scheduling order. If the parties disagree on what materials should be sealed, they shall set forth their respective positions in that joint motion." (*Id.* at 1:19-23.) Although Judge Illman has issued a Report and Recommendation on the sanctions motion, he has not yet ruled on the attendant motions to seal. Once he rules on those motions, the Court will revisit the motions at docket numbers 391 and 402, after considering the joint motion required by Docket No. 411.

Because Judge Illman's Report remains under seal in its entirety, the Court GRANTS the motions to seal filed at 477 and 479, which address the parties' objections to the Report. The

United States District Court
Northern District of California

Court will consider whether portions of those objections should be unsealed after Judge Illman has determined which portions of his Report and the briefing underlying that Report should be unsealed.

However, the Court DENIES Lenovo's motion to seal at Docket No. 449 as corrected at Docket No. 452. Defendant's publicly filed administrative motion to seal refers to a "confidential report." Although the Report does not appear on the public docket, the fact that the Court referred Plaintiffs' motion for sanctions to Judge Illman is a matter of public record. In addition, the parties' briefing on the motion for sanctions was not filed entirely under seal. The Court has considered the authority cited by Defendant, *In re Acetaminophen - ASD-ADHD Prods. Liab. Litig.*, No. 22-MD-3043 (DLC), 2026 WL 1266003 (S.D.N.Y. May 8, 2026). In that case, the court concluded one of plaintiffs' attorneys violated the protective order by disclosing the substance of information designated as confidential by defendant. *Id.*, at *3-*4. Here, except for a request for further briefing, the materials Defendant moved to seal do not disclose the contents of the Report, including the result.

Defendant shall file the materials at Docket Nos. 449-4 through 449-6 in the public record by September 17, 2026.

**IT IS SO ORDERED**.

Dated: September 10, 2026

JEFFREY S. WHITE
United States District Judge